368 So.2d 437 (1979)
Jimmy HUDSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-710.
District Court of Appeal of Florida, Third District.
March 13, 1979.
*438 Bennett Brummer, Public Defender and Nicholas J. Capuano, Special Asst. Public Defender, Miami, for appellant.
Jim Smith, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and HUBBART, JJ.
PER CURIAM.
Defendant, Jimmy Hudson, appeals his conviction for sexual battery committed by using physical force not likely to cause serious personal injury. [Section 794.011(5), Florida Statutes (1977).][1]
Hudson primarily argues that the jury's guilty verdict is not supported by competent substantial evidence.
Our review of the record reveals that there was substantial competent evidence including the testimony of the victim and the corroborating testimony of the other witnesses from which the jury could have found that Hudson committed sexual battery upon the victim. See Berezovsky v. State, 335 So.2d 592 (Fla.3d DCA 1976) and cases cited therein.
Hudson secondly argues that the trial judge erred in denying defense counsel's motion that the victim be required to submit to a psychological examination before being permitted to testify at the trial because of the victim's alleged history of psychiatric disorder.
The trial judge conducted a personal examination of the victim to determine the victim's competency to testify. After the inquiry, the judge was satisfied as to the victim's competency. Thus, we find no abuse of discretion on the part of the trial judge in denying the motion for psychological examination. See Florida Power and Light Co. v. Robinson, 68 So.2d 406, 413 (Fla. 1953); Wilk v. State, 217 So.2d 610 (Fla.3d DCA 1969); Dinkins v. State, 244 So.2d 148 (Fla. 4th DCA 1971).
Hudson additionally contends that the trial judge erred in failing to instruct the jury on the lesser included offenses of aggravated assault and attempt to commit aggravated assault.[2]
Defense counsel, although having been given the opportunity, failed to object to the instructions which the judge said he would render to the jury. In fact, counsel stated he had no objections. Thus, Hudson is precluded from raising this issue as error for the first time on appeal. See Fla.R. Crim.P. 3.390(d); McCaskill v. State, 344 So.2d 1276 (Fla. 1977); Alford v. State, 280 So.2d 479 (Fla.3d DCA 1973).
We have also considered Hudson's remaining points on appeal and find no merit therein.
Accordingly, the judgment of conviction is affirmed.
Affirmed.
NOTES
[1] "(5) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
[2] The trial judge did instruct on the lesser included offenses of attempted sexual battery, battery and assault.