PER CURIAM.
Defendant appeals from judgments of conviction and sentences for two counts of engaging in sexual acts with a minor while in a position of familial authority and one count of lewd assault on a child. We affirm.
The trial court acted within its discretion when it found the victim competent to testify. The court made the com *155 petency ruling after first questioning the victim extensively and reviewing a psychological report. The findings contained in that report, and the victim’s responses to the trial court’s questions, provided a sufficient basis for the court to exercise its discretion. We find no abuse of discretion in the court’s denial of defendant’s motion to appoint an additional expert to interview and evaluate the victim. See Hudson v. State, 368 So.2d 437 (Fla. 3d DCA 1979) (holding that trial court did not abuse its discretion in denying a motion for psychological examination after conducting a personal examination of the victim to determine victim’s competency to stand trial).[1]
We find no error in the trial court’s imposition of an upward departure sentence, supported by written findings, based upon the odious and repugnant nature of this crime, committed by this defendant. The defendant committed these assaults knowing full well that the victim had suffered egregious earlier abuse of the same nature; his foreknowledge took the crime beyond the bounds of repugnancy inherent in the crime itself. See Gopaul v. State, 536 So.2d 296, 298 (Fla. 3d DCA 1988) (“The odious and repugnant manner in which a crime is committed may represent a valid reason for departure.”).
AFFIRMED.
SCHWARTZ, C.J., and JORGENSON, J., concur.
COPE, J., concurs.

. As to the remaining point relating to the conviction itself — the jury selection — we find no error.