E. Leo Milonas, J.
The defendant herein was arrested on May 31, 1975 and charged with rape in the first degree and robbery in the third degree (Penal Law, §§ 130.35, 160.05). After a preliminary hearing, the court dismissed the rape charges and held the defendánt for the action of the Grand Jury, which returned the case to the Criminal Court. An information was then filed against the defendant accusing him of sexual misconduct, petit larceny, and harassment (Penal Law, §§ 130.20, 155.25, 240.25).
The defendant now moves for an order directing the complaining witness to undergo a psychiatric examination by a court-appointed psychiatrist. Defense counsel contends that since, in the instant case, the evidence elicited at the preliminary hearing indicates that the complainant was previously acquainted with her alleged assailant, that she had willingly engaged in sexual intercourse with him in the past, that there was no forcible entry into her home, and that there is no corroboration of the complainant’s charge, the examination is necessary to assist the trier of fact to determine the testimonial capacity and credibility of the witness. The defendant, however, not only fails to offer any facts to support the belief that the complainant suffers from a mental disease or defect so as to render her an incompetent witness, he does not even make such a claim. He merely desires a psychiatric examina *1040 tion for the purpose of providing the defense with a possible means to impeach the witness’ credibility at trial. This is certainly a most extraordinary and novel request and one for which there is absolutely no basis in law.
The only provision in the Criminal Procedure Law for testing the competency of a witness, who is not the defendant, is contained within section 60.20, whose recently amended subdivision 2 (L 1975, ch 133) states that every "witness more than twelve years old may testify only under oath unless the court is satisfied that such witness cannot, as a result of mental disease or defect, understand the nature of an oath * * * If the court is not so satisfied * * * such witness over twelve years old who cannot, as a result of mental disease or defect, understand the nature of an oath may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof.”
Thus, where an individual’s competency to testify is challenged, it is the responsibility of the court, in the exercise of its discretion, to determine that person’s mental capacity (People v Rensing, 14 NY2d 210). However, even a witness who has been legally adjudicated to be incompetent is not disqualified from giving his testimony so long as he understands the nature and obligations of the oath and possesses the capacity to provide a correct account of what he has seen or heard (People v Rensing, supra; Barker v Washburn, 200 NY 280, and Aguilar v State of New York, 279 App Div 103). Once a witness has testified, evidence as to his mental condition may be introduced for the purpose of impeaching his credibility (see Ellarson v Ellarson, 198 App Div 103 and People v Rensing, supra). Thus, if a witness has a long history of mental illness, the trier of fact which, in most instances, is the jury is entitled to be so informed (People v Rensing, supra).
There is no authority whatever for the court to appoint a psychiatrist to examine a witness’ competency; the court must perform that task itself. While CPL article 730 provides a specific procedure to ascertain a defendant’s fitness to stand trial, there is no counterpart available to test a witness’ capacity to testify. Further, the competency of a witness, whether it be a defendant or anyone else, is entirely distinct from the question of that witness’ credibility, which is strictly *1041 a matter to be decided by the jury. It is one thing to attempt to impeach a witness’ credibility by the introduction of evidence showing, for instance, a background of hospitalization and psychiatric care and quite another to have a witness undergo a mental examination for the direct purpose of enabling the other side to impeach his testimony. There is no more justification for the court’s granting the defendant’s instant motion than there would be for the court to order a similar psychiatric examination of the defendant’s proposed witnesses, or police witnesses, or any other witnesses. Defendants and victims are frequently acquainted, regardless of the type of crime involved.
By its repeal of section 130.15 of the Penal Law (L 1974, ch 14), which required corroboration for sex offenses, the Legislature clearly intended that this category of crimes be treated just like any other (see Penal Law, § 130.16). The fact that, in the instant case, the complainant and the defendant knew each other and may have engaged in sexual relations in the past would be admissible as evidence at trial. (CPL 60.42 [L 1975, ch 230, eff Sept. 1, 1975], only disallows the introduction of proof as to a victim’s sexual conduct with someone other than the accused himself.) Then it becomes the duty of the jury to determine the witness’ credibility, as it must do in any other criminal case where a prior relationship between the victim and the defendant may or may not have existed. For the court to appoint a psychiatrist to examine the complainant and then report on her credibility would amount to a usurpation of the role of the jury in the fact-finding process. It is the function of the jury to decide on credibility. The defendant would, in effect, have this court substitute the views of a psychiatrist for that of the jury.
Moreover, to attempt to create a unique situation where sexual offenses are involved would not only contravene the clear intention of the legislation to have these types of crimes receive equal treatment to that of all others, but would almost substitute a new form of corroboration requirement: that of the mental "expert” who would have to vouch for the witness’ credibility. A complainant in a sexual offense case would, of course, be increasingly reluctant ever to complain to the authorities about a possible assault, since, apart from the normal inconvenience suffered by any witness and the particular unpleasantness confronting a sex crime victim who testifies in court, she would be taking the chance of having herself *1042 subjected to an invasion of privacy and the necessity of a psychiatric examination.
For all of the foregoing reasons, it is clear that the defendant’s request is utterly without merit. Consequently, the motion is denied.