## Commonwealth v. Ramer

*Richard H. Horn,* assistant district attorney for the Commonwealth.

*Mark D. Frankel,* for defendant.

CASSIMATIS, *J.,* February 24, 1984—This matter is before the court on defendant's omnibus pretrial motion for a psychiatric examination pursuant to Pa.R.Crim.P. 306. The issue is whether the victim of a crime of sexual violence may be compelled to undergo psychiatric examination. We find that under the circumstances of this case, defendant's motion should be denied.

The victim, Lannie Sue Ramer, lived with her mother in California until she moved to Pennsylvania to live with her father in September 1982. The alleged conduct occurred over a period of March through June of 1983. The victim reported the alleged offenses in August after the confrontation with her father, defendant herein, over her moving to Baltimore, Maryland. Lannie Ramer stated she decided to report the alleged conduct because it was wrong and because she was concerned for her younger sister.

It should be pointed out initially that there is no statute in Pennsylvania that authorizes the use of a psychiatric examination to examine into the mental attitudes of a victim of a sex related crime, so that

expert testimony may be introduced to impugn the credibility of the complaining witness, and to question her competency and truthfulness. There is also no decisional law on point.[1] Yet, we are unwilling to conclude that a judge has no power to compel an examination when a timely motion is made, and it is supported by compelling reasons or a showing of a particularized necessity for such an examination.

We also reject the idea espoused by Dean Wigmore that would make it mandatory that rape victims submit to psychiatric examinations:

No judge should ever let a sex-offense charge go to the jury unless the female complainant's social history and mental makeup have been examined and testified to by a qualified physician.

3 Wigmore on Evidence §924 at p. 260 (1940). Such a rule would be contrary to public policy and would operate to deter the victim of sex crimes from reporting the incidents to the authorities.

The best view, and the one that we adopt today, is that a court may, in its discretion, grant a motion ordering a psychiatric examination of the victim of a sex offense if there is a substantial showing of need and justification and little or no corroboration of the charge. See Ballard v. Superior Court of San Diego County, 64 Cal.2d 159, 49 Cal. Rptr. 302, 410 P.2d

---

1. The courts of Pennsylvania have allowed the cross-examination of a witness as to his mental state or condition, to impeach the credibility of the witness, when it relates to the subject matter of the litigation, or affects the testimonial ability of the witness. A logical extension would be to allow discovery, through use of the psychiatric examination in an appropriate case, to achieve the same ends. This, of course, would be applicable to any witness and not merely the victim of a sex crime.

838 (1966).[2] Such power should be invoked only for the most compelling of reasons. We conclude that such reasons are not present in the case before us.

The focus becomes what is a compelling reason, so that an examination should be ordered. The court in Staton v. State, 428 N.E.2d 1203 (Ind. 1981), dealt with a situation in which there was no evidence that the witness had a history of mental illness, and the uncontroverted testimony only went to the witness's credibility. The aunt had stated that the child was "a born liar". The court held this was not a compelling reason.

Another case considering what constituted a compelling reason is McDonald v. State, Del. Supr., 307 A.2d 796 (1973). The lower court had refused to order the victim of a rape to submit to a psychiatric examination. This was held not to be an abuse of discretion because the jury knew that the victim had twice previously made unsubstantiated claims of rape. The issue of credibility was left to the jury.

In People v. Souvenir, 83 Misc.2d 1038, 373 N.Y.S. 2d 824 (1975), the court held that it was the duty of the jury to determine the witness's credibility. "For the court to appoint a psychiatrist to examine the complainant and then report on her credibility would amount to a usurpation of the role of the jury in the fact-finding process." Souvenir, supra at 827.

In the case before us, Defendant seeks the examination to "determine whether a psychiatrist believes

---

2. Following the full reporting of Ballard, there appears in 18 A.L.R.3d, beginning on page 1433, an annotation entitled "Requiring Complaining Witness in Prosecution for Sex Crime to Submit to Psychiatric Examination". This annotation reveals that the general rule supports such examinations on a discretionary basis.

that the victim is a pathological lier [sic] and/or harbors some ill will toward her father to assert a false claim". There is no allegation of mental illness or mental problems. Clearly, this does not rise to a compelling reason but merely goes to the credibility of the witness. We will not usurp the role of the jury by ordering a psychiatric examination under these circumstances.

Additionally, the trend has been to place sex related crimes on a par with other types of crimes — the requirement of corroboration has been abolished. To order the victim of a sex related crime to undergo an examination would almost be a substitute for the old corroboration requirement in that an expert would have to vouch for the witness's credibility. There is no requirement in other types of crimes that when a witness has a motive to lie (s)he must submit to a psychiatric examination to test his/her credibility. There is no reason why the victim of a sex related crime should be treated any differently.

Accordingly, we shall enter the following.

## ORDER

And now, this February 24, 1984, defendant John E. Ramer's omnibus pre-trial motion for a psychiatric examination of the victim, Lannie Sue Ramer, is refused and denied.

The clerk of courts is directed to provide notice of the entry of this opinion and order as required by law.