STATE of Iowa, Plaintiff-Appellee,

v.

Russell Jackson THARP,
Defendant-Appellant.

No. 84–947.

Court of Appeals of Iowa.

April 30, 1985.

Larry Krpan and Lylea M. Dodson, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Steven K. Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SNELL and SACKETT, JJ.

SACKETT, Judge.

Defendant Russell Tharp was charged and convicted of committing sexual abuse in the third degree against his stepdaughter. At the time of the incident, May 3, 1983, defendant was married to the victim's mother. The victim was 14 years of age.

Included in the evidence presented at trial was testimony of an incident which occurred approximately 4–5 years earlier. The defendant had fondled the breast of his stepdaughter. He subsequently admitted the conduct and underwent therapy. Testimony concerning this prior incident was objected to before and during trial. The trial also contained extensive testimony of defendant's therapy treatment for the prior misconduct, his arrest and conviction for OWI, and his reputations for drinking and striking his wife.

Prior to trial, defendant filed a motion requesting a psychological evaluation of the stepdaughter to evaluate intra-family relationships and the opportunity for fabricating. That motion was denied.

Following a guilty verdict and denial of a new trial, defendant filed Notice of Appeal. Defendant subsequently filed a second motion for a new trial because of newly discovered evidence. At a hearing on the motion, the victim testified she lied about the sexual abuse because she hated her stepfather and wanted him out of the house. The trial court refused to order a new trial and defendant also appeals that refusal. The two appeals were consolidated. Appellant asserts error was committed, his conviction should be reversed, and a new trial ordered.

## I.

■ Evidence of other crimes, wrongs, or acts is not admissible if it is offered to show only that defendant is a bad person and he/she acted in conformity with those other incidents. Iowa R.Evid. 404(b). There are several exceptions to this exclusionary rule, including use of the other acts to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* In addition, Iowa has recognized another exception in sex abuse cases. This exception allows use of prior acts "to show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial." *State v. Spaulding,* 313 N.W.2d 878, 880 (Iowa 1981).

Defendant contends that to allow this exception in sex abuse cases is inconsistent with Iowa R.Evid. 404(b) which was adopted after the *Spaulding* holding. Defendant urges us to reverse *Spaulding* or limit its holding to the facts presented there.

The Supreme Court had an opportunity to reconsider *Spaulding* in light of the new rules of evidence in *State v. Munz,* 355 N.W.2d 576 (Iowa 1984). *Munz* not only conceded Iowa still recognized the sex-abuse exception but determined that the exception should apply to subsequent as well as prior acts. *Id.* at 581. We also hold that *Spaulding* is alive and well and decline to limit or reverse its holding.

■ Contrary to defendant's argument, there is no requirement that the prior sexual misconduct be identical to the abuse which is the subject of trial. It is substantially similar and admissible if it is probative on the matter of defendant's sexual desires. *Munz,* 355 N.W.2d at 583. *Munz* allowed admission of defendant's beating of his victim several days after the last instance of sexual abuse. In this case defendant's fondling of his stepdaughter's breasts is at least as probative of defendant's sexual desires as a subsequent beating would be. Remoteness in time (4–5 years before trial) of the prior acts of fondling is a factor to be considered, but not the only factor. If the evidence is highly probative, it may be admitted even though the acts were remote in time. *State v. Spargo,* 364 N.W.2d 203, 209 (Iowa 1985). That the incidents occurred 4–5 years earlier goes to the weight of the evidence, not

to its admissibility. *See State v. Maestas,* 224 N.W.2d 248, 251 (Iowa 1974).

Defendant also argues that to allow evidence of prior acts only in sex-abuse cases violates his constitutional rights of due process and a fair trial. We are unable to determine whether this constitutional argument was properly preserved, but the State overlooks this technicality and so we consider the argument on appeal.

■ Iowa has determined that sex-abuse cases warrant a special rule. This is particularly true in sex-abuse cases involving minors where the State has a proprietary interest in protecting its young citizens. Admission of these prior acts are still subject to the relevancy and probative value analysis of Iowa R.Evid. 401–403 and any other rules which may be applicable. We find that the exception allowing admission of prior acts in sex-abuse cases is essential to a vital State interest, and defendant's constitutional rights were adequately protected by other rule exclusions.

## II.

■ The testimony elicited from the defendant and his wife during cross-examination does not support defendant's assertion of prosecutorial misconduct. To begin with, defendant made no objections during this testimony, and thus failed to preserve error. However, objections would have been to no avail since the questions were all proper inquiry into matters raised on direct. Both defendant and his wife testified that defendant and his family had received counseling following previous instances of sexual abuse on his stepdaughters. They also testified about his drinking, and the wife was asked if defendant ever hit her. All the prosecutor's questions were merely fair reply and rebuttal to arguments raised by defense.

## III.

Sometime subsequent to trial, defendant's stepdaughter recanted her testimony. The trial court refused to order a new trial and defendant asserts this was error.

■ A witness' recantation of her testimony is looked upon with the utmost suspicion, and does not necessarily entitle the defendant to a new trial. *State v. Frank,* 298 N.W.2d 324, 328–29 (Iowa 1980). The trial court must make its decision based on the facts of the whole trial and those in conjunction with the motion. *Id.* at 329. The victim was a 15 year old stepdaughter of defendant.[1] In cases of this type, where families are torn apart, there is great pressure on the child to "make things right." Although a letter had been introduced at trial in which the victim also denied defendant abused her, there was also evidence that defendant had been with her and told her what to write.

■ The trial court determined that the victim's recantation was not credible and we agree. Absent a reasonably clear showing that the trial court abused its discretion, we will not disturb the denial of a new trial.

## IV.

Finally, defendant contends that the trial court abused its discretion by not ordering a psychological evaluation of the complaining victim. Defendant sought the examination to evaluate "intra-family dynamics between stepfather and stepdaughter and its relation to the victim's credibility."

Because Iowa cases have failed to address this specific issue[2] and because of the increasing number of sex-abuse cases, a more extensive analysis of defendant's final argument is required.

In our review of other jurisdictions, we note that two conflicting positions or views have generally been followed in ordering

---

1. The victim was 14 years old at the time of the alleged abuse, but 15 at the time of the posttrial hearing when she recanted her testimony.

2. The Iowa Supreme Court recently discussed use of expert testimony concerning a psychiatric evaluation of the child victim conducted prior to the sexual abuse. *State v. Halstead,* 362 N.W.2d 504 (Iowa 1985).

evaluations. The older view, which we reject, is explained in this excerpt from a California case:

> In urging psychiatric interviews for complaining witnesses in sex cases, some prominent psychiatrists have explained that a woman or a girl may falsely accuse a person of a sex crime as a result of a mental condition that transforms into fantasy a wishful biological urge. Such a charge may likewise flow from an aggressive tendency directed to the person accused or from a childish desire for notoriety. (*See* authorities collected in: 3 Wigmore, Evidence, supra, §§ 924a, 934a, 963; [1940] [other citations omitted). Thus, Professor Wigmore, in a widely quoted passage, stated, "No judge should ever let a sex-offense charge go to the jury unless the female complainant's social history and mental makeup have been examined and testified to by a qualified physician." (3 Wigmore, Evidence, supra, 460; italics omitted.)
>
> This concern is stimulated by the possibility that a believable complaining witness, who suffers from an emotional condition inducing her belief that she has been subjected to a sexual offense, may charge some male with that offense. Thus, the testimony of a sympathy-arousing child may lead to the conviction of an unattractive defendant, subjecting him to a lengthy prison term.

*Ballard v. Superior Ct. of San Diego County*, 64 Cal.2d 159, 49 Cal.Rptr. 302, 310, 410 P.2d 838, 846 (1966). A footnote in that case further defines the problem as:

> Pseudologia phantastica ... a medical condition involving a mixture of lies with imagination. Not infrequently, this is the basis of alleged sexual assault. Girls assert that they have been raped, sometimes recounting as true a story they have heard, falsely naming individuals or

describing them. (1 Gray's Attorneys' Textbook of Medicine (3d ed 1950) 940). *Id.*

We note with approval that the majority of states have rejected this older view. They take a more modern approach, which is:

> Rather than formulate a fixed rule in this matter we believe that discretion should repose in the trial judge to order a psychiatric examination of the complaining witness in a case involving a sex violation if the defendant presents a compelling reason for such an examination.

*Ballard*, 49 Cal.Rptr. at 313, 410 P.2d at 849.[3] *See also State v. Buckley*, 325 N.W.2d 169, 171 (N.D.1982) (cases and authorities cited therein).

Fortunately, we no longer labor under the false belief that a victim with uncorroborated testimony is suffering from a phobia which causes her to fantasize tales of sexual attacks. However, in our quest for justice, we must be certain that the pendulum does not swing so far in the other direction that we cease to protect the rights of the accused.

Two vital interests exist. First, it is important to consider that the victim is not on trial and should not be subjected to additional trauma. *State v. Buckley*, 325 N.W.2d at 171. We also must not discourage reporting of these types of crimes. However, equally as important is the accused's right to a fair trial. We believe the modern approach reaches a compromise balancing these competing interests.

When sex abuse occurs within a family, we must recognize that special problems are presented. Turbulent relationships may exist. An evaluation of that family unit may shed light on conflicts between the accused and his or her victim. When a parent or stepparent is the alleged abuser, the past history of child discipline and the resulting animosity created in the child may be pertinent. However, to create a blanket rule that all cases of this type require a psychological evaluation of the

---

3. *Ballard* held that a compelling reason would generally arise only where the victim's testimony has little or no corroboration or if the defendant raises the issue of the victim's mental condition on her veracity. *Ballard*, 49 Cal.Rptr. at 313, 410 P.2d at 849.

victim would return us to the past when the complaining witness in a sex abuse case was looked on with suspicion. *State v. Romero*, 94 N.M. 22, 606 P.2d 1116, 1121 (1980).

The trial judge is in the best place to assess the necessity for an evaluation. He/she has all the facts, personal contact with the attorneys and the chance to observe the witnesses. In its assessment of necessity, the trial court can consider whether the victim's competency has been placed in issue by defendant, the age and past history of the victim, relationship of the victim to defendant, and any other facts the court deems relevant. Despite our concern for the victim, we must use care to be certain that all facts are available to allow the jury to properly evaluate the evidence against defendant.

■ Defendant Tharp sought the evaluation to allow assessment of intra-family dynamics and we presume to show that his stepdaughter hated him enough to fabricate the story of the abuse. However, he fails to demonstrate the necessity. The stepdaughter testified that the home situation was bad, that she wished her mother wasn't married to defendant, and that defendant disciplined her and she hated him. This testimony by the victim before the jury is far superior to any evaluation testimony by an expert. From the evidence by the victim and other witnesses, we believe the jury could adequately assess the family situation and the victim's feelings about defendant.

Defendant's expert witness, Dr. Garfield, interviewed other members of the family, read the victim's deposition, and testified at trial that the victim hated her stepfather. Dr. Garfield's investigations allowed him to adequately evaluate the intra-family dynamics even without a personal interview of the victim.

Defendant asks us to invade the special province of the jury by substituting an expert's testimony on the victim's credibility for the jury's own determination of that matter. When the experts' opinion will add nothing that was not or could not have been brought out in testimony of the victim, then it should not be admitted. *See Halstead*, at 506. One can readily see that a jury might be unfairly swayed by that "expert opinion," rather than relying on their own.

 We hold that the trial judge has discretion to order a psychological evaluation of a sex-abuse victim. The burden is on defendant to demonstrate the necessity. There has been no showing of an abuse of discretion by the trial court. We affirm.

AFFIRMED.