OPINION OF THE COURT
Sheldon Greenberg, J.
The defendants have been indicted for committing, inter *280 alia, aggravated sexual abuse of Tyrone W., an adult male. Defendant Mann moves for an order directing that the District Attorney of Kings County make the complaining witness available for psychiatric evaluation by a doctor chosen by the defense. Her codefendants have joined in the motion.
The claimed basis for the relief sought is an examination by defense doctor, Dr. Peter Schiffman, M.D., of the complainant’s psychiatric records, provided by the prosecutor, which cover the period 1978 to 1983. From these records, Dr. Schiffman, a psychiatrist, concludes that in the past the complainant suffered mental illness, likely he still suffers the condition, and possibly he has gotten worse over the last several years. The doctor further states, in a letter attached to the moving papers, that to determine within a reasonable degree of medical certainty whether the complainant presently suffers from a serious mental illness, it will be necessary for him to interview the complainant.
Although not expressly stated in the moving papers, defense counsel have argued that the motion herein is in anticipation of a request to totally preclude the complainant’s testimony, or, in the alternative, to receive his testimony unsworn, pursuant to CPL 60.20. They may, presumably, also seek to impeach his testimony (if offered, in whatever form) on the basis of his psychiatric history (see, People v Freshley, 87 AD2d 104, 111).
One well-deserved criticism of this country’s criminal justice system has been that, too often in the past, victims of sexual attacks, rather than defendants, have been put on trial (2 Weinstein & Berger, Evidence § 412 [01], at 412-419 [1979]).
For an example of this attitude one need look to the writing of no less a legal authority on evidentiary matters than John Henry Wigmore, who has written:
"The unchaste (let us call it) mentality finds incidental but direct expression in the narration of imaginary sex incidents of which the narrator is the heroine or the victim. On the surface the narration is straightforward and convincing. The real victim, however, too often in such cases is the innocent man; for the respect and sympathy naturally felt by any tribunal for a wronged female helps to give easy credit to such a plausible tale * * *
"No judge should ever let a sex offense charge go to the jury unless the female complainant’s social history and mental makeup have been examined and testified to by a qualified *281 physician” (3A Wigmore, Evidence § 924a, at 736-737 [Chadbourn rev 1970]; italics deleted).
Fortunately, the Wigmore position does not now seem to be accepted in any jurisdiction (Government of Virgin Is. v Scuito, 623 F2d 869). Social and legal considerations that weigh heavily against ordering a complainant to undergo psychiatric examination in a sex case include the concepts that: (a) forced psychiatric examination may seriously impinge on a witness’ right to privacy; (b) the trauma that attends the role of complainant to sex offenses is sharply increased by the indignity of a psychiatric examination; (c) the examination itself could serve as a tool of harassment; and (d) the impact of all these considerations may well deter the victim of such a crime from lodging any complaint at all (Government of Virgin Is. v Scuito, supra; United States v Benn, 476 F2d 1127, 1131).
Reflecting modern thought in attempting to lessen the effects of complaining of a sexual assault, a number of jurisdictions have enacted laws which restrict the admissibility of evidence concerning a victim’s prior sexual conduct (see, e.g., Fed Rules Evid, rule 412). Such statutes go far toward making sex crime prosecutions less special, by treating those complaining of sex crimes as equals to complainants in other criminal cases (Government of Virgin Is. v Scuito, supra, at 876, citing Berger, Man’s Trial. Woman’s Tribulation: Rape Cases in the Courtroom, 77 Colum L Rev 1, 97 [1977]). In 1975, New York enacted its own version of a so-called rape shield law,[1] and in the State of New York, the general rule is that *282 evidence of a victim’s sexual conduct is not admissible in a prosecution for an offense defined in article 130 of the Penal Law (which defines sexual offenses). Four exceptions to the rule are strictly limited, and the fifth, a catch-all, permits the Trial Judge discretion to admit otherwise proscribed evidence of the victim’s sexual conduct where the court finds it "relevant and admissible in the interests of justice”. To accomplish this the statute requires the Trial Judge to first take an offer of proof by the accused outside of the jury’s hearing or to conduct such other hearing as may be required (CPL 60.42 [5]). The obvious purpose of CPL 60.42 is to bar harassment of victims with respect to irrelevant issues while also keeping from the jury confusing and prejudicial matters which have no proper bearing on the issue of guilt or innocence of the accused (Bellacosa [now Judge Bellacosa of NY Ct App], Practice Commentary, McKinney’s Cons Laws NY, Book 11 A, CPL 60.42, at 564-565). To accomplish this twofold objective, the Legislature attempts to strike a reasonable balance between protecting the privacy and reputation of a complaining witness, while permitting an accused, when it is found relevant, to present evidence of a victim’s sexual conduct (ibid.).
With respect, however, to a complainant’s possible mental illness, a Judge or jury may not be able to appreciate a witness’ infirmity. In such cases the trial court, in its sound discretion, may permit experts or others with personal knowledge of the witness to explain and describe the witness’ condition. The Court of Appeals look favorably on the calling of a psychologist, who had worked extensively with a complainant (on a clinical basis), for the limited purpose of helping the jury to evaluate her credibility by providing an objective, factual framework for the jury to perceive her mental illness (People v Parks, 41 NY2d 36, 47-48; People v Freshley, supra). A problem arises when no available person has personal knowledge of the witness’ condition. The Parks court repeatedly emphasized that the additional witness have personal knowledge of the complainant’s infirmity, and not merely be well versed in the general field.
No appellate decision in New York has ruled on whether a trial court has the power to order a complainant to submit to *283 such a psychiatric examination. In People v Freshley (supra, at 112), the Appellate Division, First Department, faced with the opportunity, stated: "We do not reach the question of whether the court had power to order a mental examination of [the complaining witness of a robbery]”. In People v Souvenir (83 Misc 2d 1038, 1040), the Criminal Court in New York County flatly held that "[tjhere is no authority whatever for the court to appoint a psychiatrist to examine a witness’ competency; the court must perform that task itself.” Federal courts have held that the decision to order a psychiatric examination of a complainant is "entrusted to the sound discretion of the trial judge in light of the particular facts” (United States v Benn, supra, cited in Government of Virgin Is., supra, at 875; but cf., United States v Dildy, 39 FRD 340, 342).
In Ballard v Superior Ct. (64 Cal 2d 159, 49 Cal Rptr 302), the California Supreme Court unanimously recognized two exceptions to that State’s statutory rules of evidence restricting methods of impeaching the testimony of a witness.[2] Exceptions, however, occur where a witness is afflicted by mental disease or mental derangement affecting powers of perception, memory or narration; and in "sex violation cases” (supra, 64 Cal 2d, at 173, 49 Cal Rptr, at 311, citing People v Hurlburt, 166 Cal App 2d 334, 333 P2d 82).
Rather than formulating a fixed rule, Ballard (supra) held that discretion should repose in the Trial Judge to order a psychiatric examination of the complaining witness in a case involving sexual violation only when the defendant presents a compelling reason for same. The California court suggested that a compelling reason would generally arise only where little or no corroboration supported the charge and the defense raised the issue of the effect of the complaining witness’ mental or emotional condition upon her veracity. Then, anticipating the problem of a complainant who is willing to testify at trial but not to submit to a psychiatric evaluation, Ballard recognized that the witness should not, and realistically cannot, be forced to submit to a psychiatric examination or to cooperate with a psychiatrist. In that event, held the court, *284 the refusal to submit herself for psychiatric examination would be made known to the trier of fact. This court is in complete agreement with the Ballard holding.
While no specific statutory authority exists in New York for ordering a witness to undergo psychiatric examination as a prerequisite for testifying, and, as stated above,, no case law has been found in New York supporting such a procedure, neither one is needed to accomplish such examination. Such an examination, it is conceivable, may yield relevant evidence in the search for truth, and as such, it is the right of society as well as the defendant to have an apparatus for discovering and revealing any such evidence to a jury. If there exists no suitable protocol one must be created. Our Legislature, when enacting section 2-b (3) of the Judiciary Law, recognized that there cannot be a right without a remedy. That section reads:
"A court of record has power * * *
"3. to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.”
Accordingly, I find that it is within my discretion to order a complainant to submit to a psychiatric examination; however, such an examination can only be ordered in light of the particular facts of a given case and only where compelling reason is present. We must recognize that even while the complainant’s credibility is in issue, he himself is not on trial, and a balance must be struck between the necessity to protect the rights of those with possible mental impairment and the rights of the defendants to a fair trial (see, People v Baier, 73 AD2d 649, 650-651).
In the instant case the defendants have not shown any compelling reason for granting their motions. Instead, they have speculated that based on medical records more than four years old, the complainant still suffers from mental illness, and have posed the possibility that his condition has deteriorated over the last several years. Nevertheless, they do not allege in their supporting affirmation or in the doctor’s exhibit attached that his "illness”, if its exists, will affect the witness’ competency or capacity to testify, or that the results of an examination are needed to aid the jury in assessing the credibility of the witness. They merely seek the examination and will, it is presumed, attempt to put the results to some *285 use helpful to the defense. Such conclusory allegations are insufficient for ordering the drastic relief they seek.
Accordingly, defendants’ motions for an order directing the complaining witness to submit himself for psychiatric examination is denied.

. "§ 60.42 Rules of evidence; admissibility of evidence of victim’s sexual conduct in sex offense cases
"Evidence of a victim’s sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the penal law unless such evidence:
"1. proves or tends to prove specific instances of the victim’s prior sexual conduct with the accused; or
"2. proves or tends to prove that the victim has been convicted of an offense under section 230.00 of the penal law within three years prior to the sex offense which is the subject of the prosecution; or
"3. rebuts evidence introduced by the people of the victim’s failure to engage in sexual intercourse, deviate sexual intercourse or sexual contact during a given period of time; or
"4. rebuts evidence introduced by the people which proves or tends to prove that the accused is the cause of pregnancy or disease of the victim, or the source of semen found in the victim; or
"5. is determined by the court after an offer of proof by the accused *282 outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice.” (CPL 60.42.)

. Ballard v Superior Ct. (64 Cal 2d 159, 173, 49 Cal Rptr 302, 311) informs that "Section 2051 of the Code of Civil Procedure provides that a witness may be impeached by 'contradictory evidence or by evidence that his general reputation for truth, honesty, or integrity is bad’, or by evidence of conviction of a felony. Section 2052 provides that a witness may be impeached by evidence of prior inconsistent statements.”