STATE of Iowa, Appellee,

v.

Tad GABRIELSON, Appellant.

No. 89–13.

Supreme Court of Iowa.

Dec. 19, 1990.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., and Lee E. Poppen, County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Tad Gabrielson was found guilty, following a nonjury trial, of third-degree sexual abuse. Defendant appeals the district court judgment, asserting that the court erred in: (1) failing to grant defendant's motion for a psychiatric examination of the victim; and (2) finding him guilty of third-degree sexual abuse.

We transferred the case to our court of appeals. The court of appeals concluded: (1) that defendant's motion for a psychiatric examination of the victim should have been granted; and (2) there was sufficient evidence to support the conviction of third-degree sexual abuse. That court remanded with instructions to order the mental exam.

We granted the State's application for further review. We, now, vacate the decision of the court of appeals and affirm the district court judgment.

I. *Background facts and proceedings.* The record would allow the district court to find the following facts. Defendant resides in Belmond, Iowa, with his wife and their two small children. Defendant's family owns a business called "We '3' Markets," and defendant is involved in the management of that family business. In April 1987, T.B., a fifteen-year-old girl, began working at We '3' Markets. T.B. also babysat defendant's children.

Defendant and T.B. became romantically involved. Their relationship culminated in sexual intercourse on September 23, 1987. At the time of this encounter, T.B. was still fifteen years old.

The relationship continued until March 1988 and included many other instances of sexual intercourse. The relationship was halted only after T.B.'s diary, recounting the numerous sexual encounters between defendant and T.B., was discovered by her parents.

Lawrence F. Scalise and Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for appellant.

T.B.'s parents reported their discovery to the police. Defendant was arrested and charged by trial information with the crime of third-degree sexual abuse. Iowa Code § 709.4(5) (1987). Specifically, the trial information charged that on September 23, 1987, defendant, age 29, unlawfully and willfully engaged in a sex act with a fifteen-year-old participant while being six or more years older than the other participant.

In preparation for trial, defendant filed a discovery motion requesting the district court to order T.B. to submit to a psychiatric examination. The district court overruled the motion.

After defendant waived his right to jury trial, *see* Iowa R.Crim.P. 16(1), the case was ultimately tried to the court. *See* Iowa R.Crim.P 16(2). The court found defendant guilty of third-degree sexual abuse, Iowa Code § 709.4(5), and sentenced defendant to a term of imprisonment not to exceed ten years. Iowa Code §§ 702.11, 902.9(3). Defendant appealed.

Defendant raises two issues on appeal. First, he contends that the district court erred in refusing to grant his pretrial motion for a psychiatric examination of the victim. Second, defendant asserts that there was not sufficient evidence to support the conviction of third-degree sexual abuse.

We transferred the case to our court of appeals. Initially, that court found there was sufficient evidence to support the conviction of third-degree sexual abuse. The court of appeals then found that defendant had established the need for a psychiatric examination of T.B. It remanded the case to the trial court to order an examination of T.B. by a psychiatrist. Following the examination, the trial court was ordered to conduct a hearing to determine whether, based on the information in the psychiatric report, a new trial was required.

We granted the State's application for further review of the court of appeals decision.

II. *The psychiatric examination.* We must decide whether the district court properly denied defendant's discovery motion which asked the court to order T.B., the complainant in this sexual abuse case, to submit to a psychiatric examination. Defendant states the purpose of the exam would be to determine whether T.B. was capable of fantasizing a relationship with defendant and whether she could separate fact from fantasy in her everyday experiences. Defendant made no objection to T.B.'s competency when T.B. took the oath before testifying. Therefore, defendant's position must be that this information would bear on T.B.'s credibility.

The court of appeals, relying on *State v. Tharp*, 372 N.W.2d 280, 284 (Iowa App. 1985), held that district courts have discretion to order psychiatric examinations of sexual abuse victims, and that the denial of defendant's request for a psychiatric evaluation of T.B. was an abuse of that discretion.

■ We note at the outset that there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 42 (1977); *State v. Anderson*, 410 N.W.2d 231, 233 (Iowa 1987). More specifically, psychiatric examinations of sexual abuse victims are not constitutionally required. *United States v. Riley*, 657 F.2d 1377, 1387 (8th Cir.1981) (as long as the jury from its observation has the opportunity to appraise the credibility of the witness in the light of the facts impugning the witness' veracity, this constitutes the constitutional safeguard of a defendant's rights); *see also People v. Fleming*, 140 Cal.App.3d 540, 544, 189 Cal. Rptr. 619, 620–21 (1983) (statute explicitly preventing the court from ordering psychiatric evaluations of sexual abuse victims does not violate defendant's right to compulsory process, right to confrontation or due process right); *People v. Glover*, 49 Ill.2d 78, 81–82, 273 N.E.2d 367, 369–70 (1971) (court rejected defendant's arguments that he was denied due process and equal protection by denial of a psychiatric exam of complainant, sexual abuse victim). Therefore, if district courts have discretionary authority to grant discovery motions requesting psychiatric examinations of sex-

ual abuse victims for the purpose of evaluating the victim's credibility, that authority must either be found in the common law or statutes of Iowa.

A. *Statutory authority.* The court of appeals, in *Tharp*, stated that district courts have the discretionary power to order psychiatric evaluations of sexual abuse victims. *Tharp*, 372 N.W.2d at 284. The case cites no statutory authority for that position. We, now, consider whether any such statutory authority exists.

Statutory discovery powers in criminal cases are codified in Iowa Rule of Criminal Procedure 13. Rule 13(2)(b)(2) comes closest to addressing whether the district court has authority to order psychiatric examinations of sexual abuse victims. It provides that the court may order the state to permit the defendant to inspect "any results or reports of physical or mental examinations, ... made in connection with the particular case, ... within the possession, custody or control of the state."

■ Rule 13(2)(b)(2) provides for discovery of mental examination reports *within the possession* of the state. *See Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 32 (Iowa 1979) (a defendant's request for evidence must be for information which the state possesses). This is a limited right of discovery which only provides for discovery of mental examination reports in the state's possession. It is not a grant of authority to the district court to *order* psychiatric examinations of sexual abuse victims.

■ Thus, there is no statutory authority empowering the court in a criminal case with the ability to order victims of sexual abuse to undergo psychiatric examinations designed to evaluate the complainant's credibility. If the court has authority to order such psychiatric examinations, the authority must come from the court's common law powers.

■ B. *Common law authority.* Generally, there was no right to pre-trial discovery at common law. *State v. Eads*, 166 N.W.2d 766, 769 (Iowa 1969). This limitation on discovery, however, has not existed without exceptions. Courts, even in the absence of statute, have inherent power to compel disclosure of evidence by the state when necessary in the interests of justice. *Id.* Therefore, although no common law right to pre-trial discovery exists, if the interests of justice require that trial courts have authority to order psychiatric examinations of sexual abuse victims for the purpose of evaluating the victim's credibility, then we must allow trial courts to possess that discretionary authority.

In recent years, other jurisdictions faced with the dilemma of determining whether trial courts should be vested with the discretionary authority to compel sexual abuse victims to submit to psychiatric examinations have taken essentially two approaches. The majority of jurisdictions have held that trial courts have the discretionary authority to order psychiatric examinations of sexual abuse victims. *State v. Buckley*, 325 N.W.2d 169, 171 (N.D. 1982); *see also* Annotation, *Necessity or Permissibility of Mental Examination to Determine Competency or Credibility of Complainant in Sexual Offense Prosecution*, 45 A.L.R.4th 310 (1986).

Other jurisdictions have reached the conclusion that trial courts do not have authority to order sexual abuse victims to submit to psychiatric examinations. *See United States v. Dildy*, 39 F.R.D. 340 (D.D.C.1966) (cannot order exam without statutory authority); *Commonwealth v. Widrick*, 392 Mass. 884, 467 N.E.2d 1353 (1984) (trial court has neither statutory nor inherent authority to order sexual abuse victim to undergo psychiatric examination designed to evaluate credibility); *State v. Clark*, 711 S.W.2d 885 (Mo.Ct.App.1986) (trial court has no authority to order a psychiatric examination of a sexual abuse victim); *State v. Liddell*, 211 Mont. 180, 685 P.2d 918 (1984) (court has no authority to compel a witness to sit for a psychiatric examination); *State v. Clontz*, 305 N.C. 116, 286 S.E.2d 793 (1982) (court does not have the discretionary power to compel a witness to submit to a psychiatric examination); *State v. Hiatt*, 303 Or. 60, 733 P.2d 1373 (1987) (court has no authority to compel an out of

court psychiatric examination of a sexual abuse victim); *State v. Lanford,* 764 S.W.2d 593 (Tex.Ct.App.1989) (court has no authority to order the victim in a criminal case to undergo a psychological examination); *State v. Miller,* 35 Wis.2d 454, 151 N.W.2d 157 (1967) (court can order a witness to submit to a psychiatric examination but court has no power to compel such examination); *People v. Souvenir,* 83 Misc.2d 1038, 373 N.Y.S.2d 824 (N.Y.Crim. Ct.1975) (no authority for a court to appoint a psychiatrist to examine a sexual abuse victim). *But see People v. Griffin,* 138 Misc.2d 279, 524 N.Y.S.2d 153 (Sup.Ct. 1988) (court has discretionary authority to order psychiatric exams when compelling reasons exist). *See also People v. Fleming,* 140 Cal.App.3d 540, 189 Cal.Rptr. 619 (1983) (statute prohibits courts from ordering any victim in any sexual assault prosecution to submit to a psychiatric examination for the purpose of assessing credibility); *People v. Jameson,* 155 Ill.App.3d 650, 108 Ill.Dec. 106, 508 N.E.2d 267 (1987) (statute prohibits the court from ordering a victim of an alleged sexual offense to submit to a psychiatric examination); *cf. United States v. Ramirez,* 871 F.2d 582 (6th Cir.1989) (court cannot order a non-party witness to be examined by a psychiatrist).

■ We agree with the jurisdictions which hold that trial courts have no authority to order sexual abuse victims to undergo psychiatric examinations. *See Clark,* 711 S.W.2d at 888; *Hiatt,* 303 Or. at 67, 733 P.2d at 1377; *Lanford,* 764 S.W.2d at 594; *cf. Ramirez,* 871 F.2d at 584. We find this to be the more persuasive view for several reasons. First, as discussed above, there is no statutory authority or common law precedent granting a trial court authority to order such psychiatric examinations of sexual abuse victims. Second, even if we were to create the authority for trial courts to order psychiatric examinations, courts would be left in the awkward position of having no method of enforcing such an order because neither the trial court nor the state has the power to compel a sexual abuse victim, a non-party to the case, to submit to a psychiatric examination ordered by the court. *See id.; Miller,* 35

Wis.2d at 471, 151 N.W.2d at 165; *Liddell,* 211 Mont. at 924, 685 P.2d at 924.

Finally, the interests of justice do not require that trial courts have authority to grant discovery requests by defendants for psychiatric examinations of sexual abuse victims designed to evaluate the complainant's credibility. In fact, justice compels the contrary conclusion.

This court recognizes the hardships that victims of sexual abuse must endure. As a result, rules have been formulated to prevent sexual abuse victims from suffering additional trauma. *See, e.g.,* Iowa R.Evid. 412 (rape shield statute). If we vest trial courts with the authority to order sexual abuse victims to submit to psychiatric examinations, we will not be forwarding society's need to protect sexual abuse victims. "Rape, incest and other such offenses continue to tear away at the moral fabric of our society. Forcing the victims of these crimes to submit to the indignity and embarrassment of a psychiatric examination could only exacerbate the current situation." *Clark,* 711 S.W.2d at 888.

We do not wish to discourage reporting of these types of crimes, and we must protect the victims from being put on trial. *See State v. Tharp,* 372 N.W.2d 280, 283 (Iowa App.1985). We agree with the North Carolina supreme court that "the possible benefits to an innocent defendant, flowing from such a court ordered examination of the witness, are outweighed by the resulting invasion of the witness' right to privacy and the danger to the public interest from discouraging victims of crime to report such offenses...." *State v. Looney,* 294 N.C. 1, 28, 240 S.E.2d 612, 627 (1978).

The trial court correctly denied defendant's motion requesting the court to order T.B. to submit to a psychiatric examination for the purpose of evaluating her credibility. The trial court simply does not have authority to grant such a request. Any statements to the contrary in *Tharp* are not controlling in Iowa.

■ III. *Sufficiency of the evidence.* Defendant also contends that there was not sufficient evidence to support the convic-

tion of third-degree sexual abuse. We do not agree. We have thoroughly reviewed the record in this case and agree with the court of appeals that there is substantial evidence such that a rational trier of fact could have found defendant guilty beyond a reasonable doubt of every element of third-degree sexual abuse in violation of Iowa Code section 709.4(5).

The evidence showed without dispute that on September 23, 1987, T.B. was age 15, defendant was more than six years older than T.B. and they were not cohabiting as husband and wife. T.B. testified to sexual intercourse between them on that date. Other evidence tending to corroborate a general loving liaison between them was T.B.'s diary of such events, defendant's love notes to T.B. and the testimony of a coemployee who observed them kissing in the store on one occasion.

We, now, vacate the court of appeals decision and affirm the district court.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.