STATE of Iowa, Appellee,

v.

**Harold Luke STRATTON, Appellant.**

No. 93–752.

Supreme Court of Iowa.

July 27, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett and James Kivi, Asst. Attys. Gen., and Richard R. Phillips, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and TERNUS, JJ.

LARSON, Justice.

Harold Stratton and two others were involved in a motor vehicle accident that killed one occupant and injured Stratton and a third occupant. The issues on appeal are: (1) whether Stratton was prevented from presenting his theory of defense by the district court's refusal to order the State, pursuant to Iowa Rule of Criminal Procedure 13(2)(b)(1), to provide certain medical evidence to the defendant; and (2) whether the court erred in entering a judgment of guilty on an included offense. We affirm in part, vacate in part, and remand.

The accident occurred when Stratton's car, which was occupied by Stratton, Susan Rasmussen, and Bret Stalkfleet, went out of control, rolled down a hill, and struck a concrete culvert. Susan Rasmussen was killed, and the other two occupants were injured. All three had attended a party, and all three had consumed alcohol.

The police did not obtain a blood alcohol test from Stratton until three hours after the accident. The test revealed his blood alcohol to be .141, and it was estimated by the State's evidence that it could have been as high as .20 at the time of the accident.

The defendant initially stated to an investigating officer that he was the driver, but some doubt was raised regarding that matter because a diagonal bruise on Stratton's torso indicated that it may have been caused by a *passenger*-side seat belt. In addition, another occupant, Stalkfleet, had suffered head injuries that might have been consistent with driver-side injuries.

I. *Production of Records.*

Stratton filed a request for the production of Stalkfleet's medical records in order to lend support to his theory that Stalkfleet was the driver. The court denied the request on the ground that the medical records were privileged under Iowa Code section 622.10 (1991):

> A ... physician [or] surgeon ... who obtains information by reason of the person's employment ... shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline. The prohibition does not apply to cases where the person in whose favor the prohibition is made waives the rights conferred....

Stratton contends that Stalkfleet, by testifying at trial and allowing his doctor to testify, had waived his privilege. At the time of the ruling on the motion to produce, however, there could have been no such waiver because neither Stalkfleet nor his doctor had testified.

■ Stalkfleet eventually turned over a portion of his records to the State, which immediately furnished them to Stratton. On appeal, however, Stratton argues that the State should have produced additional records, those from a second hospital. He did not object at the time of the State's initial production of records to the failure of the State to include the additional materials, and he has thus effectively waived this argument.

■ In addition, rule 13(2)(b)(1) does not require production of medical records under the circumstances of this case. It provides:

> Upon motion of the defendant the court may order the attorney for the state to permit the defendant to inspect, and where appropriate, to subject to scientific tests, *items seized by the state* in connection with

the alleged crime. The court may further allow the defendant to inspect and copy books, papers, documents, statements, photographs or tangible objects *which are within the possession, custody or control of the state,* and which are material to the preparation of his or her defense, or are intended for use by the state as evidence at the trial, or were obtained from or belong to the defendant.

(Emphasis added.)

The hospital records had not been "seized," nor were they in the State's "possession, custody or control." The State could not unilaterally procure them without Stalkfleet's waiver. *See State v. Gabrielson,* 464 N.W.2d 434, 437 (Iowa 1990). Only a patient may waive the privilege; a prosecutor may not waive it for him, *State v. Randle,* 484 N.W.2d 220, 222 (Iowa App.1992), and we have held that, when evidence is equally accessible to the defendant and the State, the State is not required to produce it. *See State v. Galloway,* 187 N.W.2d 725, 729 (Iowa 1971) (court refused to order state to produce tapes of polygraph tests that were equally accessible to defendant).

The court did not err in denying the motion to produce the medical records.

II. *The OWI Conviction.*

Stratton complains that the court should not have entered a judgment on the charge of operating while intoxicated because that offense was merged in the offenses of homicide by motor vehicle and injury by motor vehicle.

The State does not refute the merger argument; it contends only that the defendant failed to preserve error on this issue because at sentencing he objected only to the imposition of any additional *sentence* on the OWI charge and did not object to the entry of the *judgment.*

Iowa Code section 701.9 (1991) provides:
No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

To the extent that a sentence is void, an objection is not required for this court to grant relief. *State v. Austin,* 503 N.W.2d 604, 607 (Iowa 1993). The judgment of conviction on the OWI charge, which was merged in the higher offenses, was void, and it was therefore not necessary for the defendant to challenge it in the district court.

The convictions of homicide by vehicle and serious injury by vehicle are affirmed, and the conviction of operating while intoxicated is vacated. We remand the case to the district court for entry of an order in accordance with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**