LILES, Acting Chief Judge.
Appellant, Robert D. Dunlap, defendant in the trial court, was charged by way of information with the crime of breaking and entering with intent to commit a felony. Following a trial by jury, he was found guilty and sentenced to serve fifteen years in the state prison.
Appellant was charged with breaking and entering the apartment of Benny McDaniel and abducting a child seven years of age by way of removing her from the apartment and taking her to the woods where he allegedly committed a lewd and lascivious act against the child.
Appellant urges that the testimony and evidence were insufficient to convict him of the crime and that the Judge’s charge regarding intent was contrary to the Standard Jury Instructions as approved by the Supreme Court in criminal cases, also known as Florida Rules of Criminal Procedure 1.985, Standard Jury Instructions, 33 F.S.A.
We have studied the record and the witnesses’ testimony given at the trial, and while we may not have decided as the jury did, we have concluded that there was sufficient evidence if believed by the jury to support a finding of guilty. We, therefore, will not disturb the jury’s finding of guilty.
Regarding the second point, while the Judge did not follow the exact language contained in the Standard Jury Instructions and refused to give the instruction requested by the appellant, he did nevertheless give a very clear and lucid instruction as set forth below:
“It is a crime for any person to break and enter the dwelling house of another with intent to commit a felony. The essential elements of the crime charged, which must be proved beyond a reasonable doubt before there can be a conviction in this case, are that the defendant broke and entered a building, the building was occupied as a dwelling house by Mr. and Mrs. McDaniel, that at the time of so breaking and entering, the defendant had a fully formed conscious intent to commit the felony alleged in the information, that is to say, a lewd and lascivious act in the presence of a female child under the age of fourteen years; fourth, the breaking and entering is related to the intended felony.”
*294 We believe that the Judge followed the Standard Jury Instructions sufficiently close to avoid error. For these reasons the judgment and sentence is affirmed.
MANN and McNULTY, JJ., concur.