326 So.2d 229 (1976)
Henry HAWKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-871.
District Court of Appeal of Florida, Second District.
January 30, 1976.
Rehearing Denied February 18, 1976.
Angelo M. Ferlita of Diecidue, Ferlita & Prieto, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This case involves the question of whether psychiatric testimony directed to the ability of an important prosecution witness to tell the truth may be introduced to attack his credibility.
*230 Appellant was charged under Fla. Stat. § 800.04 (1973) with committing a lewd and lascivious act in the presence of a female child under the age of fourteen years, without intent to commit rape. The complaining witness was Drewsella Hawkins, appellant's daughter. She was twelve years old when the act was allegedly committed and thirteen years old at the time of the trial. The state's case was predicated upon her testimony and an incriminating statement made by appellant while in police custody. When the state rested its case late in the afternoon, the appellant's attorney moved for a continuance until the following morning for the purpose of introducing psychiatric testimony relating to the prosecuting witness. The motion was denied. Thereupon, appellant took the stand and denied the offense. He said he had made the incriminating statement upon the promise of the police that he would then be turned loose. The jury found the appellant guilty as charged.
Appellant raises five points on appeal. The only point which merits discussion is whether the court erred in refusing to continue the trial. After appellant's arrest, his daughter had been examined by a psychiatrist for the Division of Family Services. It was not until noon on the day of the trial that appellant's attorney had obtained the entry of an order by the judge exercising juvenile jurisdiction which authorized the Division of Family Services to reveal the name of the psychiatrist. According to defense counsel's proffer at the time he moved for continuance, he had been able to reach the psychiatrist on the telephone at about 3:45 p.m. The psychiatrist expressed the opinion that Drewsella did not always tell the truth and that she had paranoid tendencies. He said these were only preliminary findings but he would be able to give a full diagnosis by the following morning when he had had an opportunity to look at the results of certain psychological tests which Drewsella had taken. The state opposed the continuance on the premise that the doctor would be unable to testify because of the psychiatrist privilege under Fla. Stat. § 90.242 (1973), and that, in any event, the proffered testimony would have no probative value. The court denied the motion for continuance on the basis that the proffered testimony would be irrelevant since it would not go to the witness' competency to testify.
Normally, the determination of whether to grant a continuance rests within the sound discretion of the trial judge. Here, however, the continuance would have amounted to little more than adjourning the trial at the end of the day and permitting the appellant to wait until the following morning to put on his case. Appellant's counsel could not be criticized for being dilatory because he had only been able to learn the name of the psychiatrist a few hours earlier. Consequently, the issue must turn on whether the court was correct in its conclusion that, assuming the truth of the proffer, the testimony would not have been admissible.
One of the earliest cases which involved the admissibility of psychiatric testimony bearing upon the credibility of a witness was United States v. Hiss, S.D.N.Y. 1950, 88 F. Supp. 559. Since the testimony of Whittaker Chambers was so important to the case against Alger Hiss, the court permitted the introduction of psychiatric testimony in order to impeach his credibility. Other courts have followed this practice. E.G., United States v. Partin, 5th Cir.1974, 493 F.2d 750; People v. Neely, 1964, 228 Cal. App.2d 16, 39 Cal. Rptr. 251; contra, Hopkins v. State, Tex.Cr.App. 1972, 480 S.W.2d 212. Sometimes, courts are asked to require a key prosecution witness to undergo a psychiatric evaluation for the purpose of giving the defendant an opportunity to see if expert testimony is available to demonstrate that the witness' testimony could be affected by his mental condition. 3A J. Wigmore, Evidence § 924a (Chadbourn *231 rev. 1970). In Florida, the Fourth District Court of Appeal declined the invitation to adopt the Wigmore rule when it stated:
"... [W]hile we do not expressly reject the concept of the court possessing inherent power to require such an examination under the most compelling of circumstances where it is necessary to insure a just and orderly disposition of the cause, we would discourage the practice in any but the most extreme instances." Dinkins v. State, Fla.App.4th, 1971, 244 So.2d 148.
However, the issue in this case was not whether to require the prosecuting witness to undergo a psychiatric examination; the examination had already been conducted. We believe that appropriate psychiatric testimony to the effect that Drewsella's propensity to tell the truth was affected by her mental and emotional condition would have been relevant and admissible for the purpose of impeaching her credibility.
It may be that the psychiatric privilege would have precluded the psychiatrist from testifying concerning the results of his examination. However, the state was in no position to invoke the privilege. While the psychiatrist might have felt compelled to invoke the privilege in Drewsella's behalf, there is nothing which would have prevented her from waiving the privilege so as to permit the psychiatrist to testify. This was more than a remote possibility because Drewsella had already manifested such a reluctance to testify in the first place that the state had found it necessary to bring her before the judge for the purpose of admonishing her to give her testimony.
Thus, we hold that the court erred in failing to give the appellant the reasonable opportunity to produce the psychiatrist at the trial the following morning. We cannot say with any certainty that the jury would have reached the same conclusion had the psychiatric testimony been presented in line with the proffer.
Reversed and remanded for new trial.
McNULTY, C.J., and BOARDMAN, J., concur.