334 So.2d 278 (1976)
Robert SWYERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1204.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Rehearing Denied July 9, 1976.
*279 Phillip A. Hubbart, Public Defender, and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant Robert Preston Swyers was found guilty by a jury of involuntary sexual battery, false imprisonment and kidnapping, and of unlawful possession of a firearm while engaged in a criminal offense. He was so adjudged, and was sentenced to imprisonment for life on the first crime, for fifteen years for the second crime and for five years on the third crime, with provision for the sentences to be served concurrently.
We find that the appellant has not demonstrated reversible error, and affirm. The evidence of guilt was fulsome, if not overwhelming. The trial court did not commit error in denying the defendant's motions for mistrial based on the statements made by the prosecutor in argument. Morris v. State, 100 Fla. 850, 130 So. 582; Gray v. State, 42 Fla. 174, 28 So. 53; Clinton v. State, 56 Fla. 57, 47 So. 389; State v. Jones, Fla. 1967, 204 So.2d 515.
The trial court sustained defendant's objection to the prosecution's question to a doctor who examined the victim, as to whether in taking a history from the victim he believed she was not telling the truth. The question as reframed was whether the doctor found anything the victim told him in taking the history from her was not consistent. With the meaning of the initial question thus explained, no harmful error resulted, and denial of a motion for mistrial by the defendant was proper.
Appellant contends a separate sentence could not be imposed for the crime of possession of a firearm while engaged in a criminal offense, because that crime arose from the same transaction which involved *280 the other offenses. The contention is without merit. Estevez v. State, Fla. 1975, 313 So.2d 692; Jenkins v. Wainwright, Fla. 1975, 322 So.2d 477.
Affirmed.