352 So.2d 581 (1977)
Eugene FULTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1487.
District Court of Appeal of Florida, Third District.
December 6, 1977.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen. and Jose R. Rodriguez, Legal Intern, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL, (Ret.), Associate Judge.
PER CURIAM.
By information, the appellant was charged in separate counts with robbery, attempted murder, and unlawful possession of a firearm while engaged in a criminal offense. On a jury trial, he was acquitted of the charge of the attempt to commit murder and was convicted on the other charges. Judgment was entered thereon. The court imposed a sentence of imprisonment for thirty years on the robbery conviction and for three years on the conviction for the third offense mentioned above, with provision for the sentences to be served concurrently. The defendant appealed.
On consideration of the record, briefs, and argument, we hold that no reversible error has been shown. In the circumstances presented, the trial court was not in error in permitting the victim to testify without the victim first being submitted to psychiatric examination. The court properly denied the defendant's request that the victim be so examined, based on unsubstantiated reports relating to mental instability of the victim. The refusal of the trial court to give the standard jury charges was not reversible error in this case, where charges given by the court were sufficient under the law applicable to the case. Yost v. State, 243 So.2d 469 (Fla.3rd DCA 1971); Dunlap v. State, 252 So.2d 292 (Fla.2nd DCA 1971); White v. State, 324 So.2d 115 (Fla.3rd DCA 1975). The imposition of separate sentences for the two offenses of which the defendant was convicted was proper. Estevez v. State, 313 So.2d 692 (Fla. 1975); Swyers v. State, 334 So.2d 278 *582 (Fla.3rd DCA 1976); Johnson v. State, 338 So.2d 556 (Fla.3rd DCA 1976).
Affirmed.