521 So.2d 373 (1988)
STATE of Florida, Petitioner,
v.
Honorable Harry Lee COE, III, Circuit Judge, Thirteenth Judicial Circuit, and William Harold Thomas, Respondents.
No. 88-13.
District Court of Appeal of Florida, Second District.
March 11, 1988.
James M. Barton, II, Asst. State Atty., Tampa, for petitioner.
Rex Curry, Asst. Public Defender, Tampa, for respondent, William Harold Thomas.
PER CURIAM.
This is a petition for a writ of prohibition seeking to quash the trial judge's order which required the victim of a sexual battery to undergo a psychiatric examination for the purpose of determining her credibility. We treat the petition as one for a writ of certiorari, see Fla.R.App.P. 9.040(c); State v. Pettis, 520 So.2d 250 (Fla. 1988), grant the petition, and quash the trial judge's order.
The trial judge's order was entered in State v. Thomas, No. 87-13974, in response to a defense motion to require the victim to undergo a psychiatric/psychological examination. Thomas is charged with the sexual battery, kidnapping, and aggravated battery of the victim. The unsworn motion alleged that the victim did not appreciate the duty to tell the truth, may suffer psychological problems affecting her credibility, *374 and may suffer from alcoholism. Attached to the motion was an unsworn statement of facts which essentially alleged that the victim has a jealous relationship with her boyfriend, who is not the defendant; that the victim has consumed alcohol; and that the victim has given conflicting accounts of the attack.
At the hearing on the motion, defense counsel represented to the trial judge that he wanted a psychological examination of the victim to go "after her credibility." He further stated essentially that the victim has "some obsessive-type relationship with her boyfriend," whereby she likes for him to play her rescuer or hero; she has told conflicting accounts of the attack; and she told an officer on the night of the attack that she was "somewhat intoxicated and had three beers." The attack apparently occurred after the victim had walked out on her boyfriend while they were attending a party.
The trial court granted the defense motion for a psychiatric examination, stating:
I'm not saying what did or didn't happen, but it's a classic opportunity for getting a little consent and getting caught and yelling it was him, and he gets scared and cuts his hair. [Apparently, the defendant cut his hair after the police had first talked to him.] There is not a whole lot inconsistent with innocence just as there is a lot consistent with guilt.
.....
I think it's in the best interest of the Criminal Justice System and this case that it be done, given the facts. I think it's the best thing to do. There are too many problems with this case, too many indications of  [judge was interrupted by defense counsel].
Thereafter, the trial judge denied the state's motion for rehearing. This petition followed.
The state argues first, that the trial judge exceeded his jurisdiction in ordering the victim to undergo a psychiatric examination and second, that even if the trial judge had the authority to order such examinations, an examination under the facts of this case is not warranted.
In Dinkins v. State, 244 So.2d 148 (Fla. 4th DCA 1971), the fourth district was presented with similar issues, although in the context of a defendant's appeal from the trial court's denial of his motion to compel a victim of sexual battery to submit to a psychiatric examination. In affirming the trial court's denial of the defense motion, our sister court stated that there was no statute or rule in Florida which granted trial courts the authority to order such examinations of victims in sexual battery cases, although then-section 801.161, Florida Statutes (1969), provided for such examinations in child molestation cases. See also Wilk v. State, 217 So.2d 610 (Fla. 3d DCA 1969) (it was within trial court's sound discretion to deny defense motion to require psychiatric examination of complaining witnesses in case involving lewd, lascivious or indecent assault upon two minors under fourteen years of age).[1] The fourth district also recognized that several scholars had advocated that courts did have the power to order such examinations, but stated:
Nonetheless, it strikes us as sound, in the absence of either express statutory authority or court rule permitting such, or in the absence of such strong and compelling evidence of mental or emotional instability of the prosecutrix that denial of a psychiatric examination could amount to a denial of due process of law, ... the court should not subject the prosecutrix to such an examination. Thus, while we do not expressly reject the concept of the court possessing inherent power to require such an examination under the most compelling of circumstances where it is necessary to insure a just and orderly disposition of the cause, *375 we would discourage the practice in any but the most extreme instances.
244 So.2d at 150. The evidence in support of the motion in Dinkins was an affidavit of a psychiatrist who had interviewed the defendant and determined that he was competent to stand trial. The affidavit further stated that the psychiatrist believed the defendant's version of the affair to be credible, and from his own experience he had found that charges of rape frequently spring from the alleged victim's emotional disorders. The fourth district concluded that there was no showing that a psychiatric examination of the victim under those facts was essential to prevent a miscarriage of justice. Id.
The third district, citing Dinkins, has held that a trial court did not abuse its discretion in denying a defense motion to require the victim of a sexual battery to undergo a psychiatric examination to determine the victim's competency to testify, where the trial court conducted a personal examination and was satisfied as to the victim's competency. Hudson v. State, 368 So.2d 437 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980). See also Fulton v. State, 352 So.2d 581 (Fla. 3d DCA 1977) (trial court properly denied defense request that victim of robbery and attempted murder be submitted to psychiatric examination where request was based on unsubstantiated reports of victim's mental instability).
In Hawkins v. State, 326 So.2d 229 (Fla. 2d DCA), cert. denied, 336 So.2d 108 (Fla. 1976), this court, without expressly approving or disapproving, recognized the abovecited passage in Dinkins. In Hawkins, the defendant had requested a continuance to secure the results of certain psychological tests that the victim had taken so that a psychiatrist could review them. The psychiatrist, to whom defense counsel had talked, tentatively expressed the opinion that the victim did not always tell the truth and that she had paranoid tendencies. The trial court denied the motion on the basis that the psychiatrist's testimony would be irrelevant since it did not relate to the witness' competency to testify. In reversing the trial court's denial, this court stated:
[T]he issue in this case was not whether to require the prosecuting witness to undergo a psychiatric examination; the examination had already been conducted. We believe that appropriate psychiatric testimony to the effect that [the victim's] propensity to tell the truth was affected by her mental and emotional condition would have been relevant and admissible for the purpose of impeaching her credibility.
326 So.2d at 231.
Unlike in Hawkins, this court is now faced squarely with the issue whether the trial court has the inherent power to require victims of sexual battery to undergo psychiatric or psychological examinations in order to determine their credibility, and if so, whether the facts of the present case support ordering such an examination.
The parties correctly point out that there is a split in the decisions on these issues in other jurisdictions. See generally Annotation, Necessity or Permissibility of Mental Examination to Determine Competency of Credibility of Complainant in Sexual Offense Prosecution, 45 A.L.R. 4th 310 (1986); Annotation, Requiring Complaining Witness in Prosecution for Sex Crime to Submit to Psychiatric Examination, 18 A.L.R. 3d 1433 (1968). The rationale in jurisdictions holding that a court does not have authority to require such examinations is (1) that appointing a psychiatrist to examine a witness for credibility usurps the fact-finder's role; (2) that to require a psychiatrist to "vouch" for the witness' credibility would be another form of required corroboration of sex offenses which has been repealed by the legislatures in these jurisdictions;[2] and (3) that such a requirement would invade the victim's privacy and would likely result in fewer victims reporting a sexual battery for fear of *376 having to subject themselves to a psychiatric examination. See, e.g., People v. Souvenir, 83 Misc.2d 1038, 373 N.Y.S.2d 824 (N.Y. Crim. Ct. 1975). Even in jurisdictions holding that the trial court does have the authority to require such examinations, the courts emphasize that such authority should only be exercised for "strong" and "compelling" reasons. See, e.g., State v. Gregg, 226 Kan. 481, 602 P.2d 85 (1979); Forbes v. State, 559 S.W.2d 318 (Tenn. 1977); State v. Lederer, 99 Wis.2d 430, 299 N.W.2d 457 (1980). The fourth district's opinion in Dinkins, while not expressly holding that trial courts possess this authority, is aligned with the latter view that even if such authority exists, it should not be exercised unless "strong" and "compelling" reasons exist. We agree with the view espoused in Dinkins.
Returning to the facts of this case, we hold that the defendant presented neither a strong nor compelling reason for requiring the victim to submit to a psychiatric examination for the purpose of determining her credibility. First, there was no evidence presented to suggest that the victim had a history of psychiatric or psychological problems that would have affected her credibility. The only "evidence" was the unsworn motion, and its factual allegations, and defense counsel's representations to the trial judge. Even if we were to accept these allegations as true, there was still no strong or compelling evidence to suggest that such an examination was required to prevent a miscarriage of justice. Accordingly, we hold that the trial court departed from the essential requirements of law in ordering the victim to undergo a psychiatric examination. Therefore, we grant the state's petition, quash the trial court's order, and remand for further proceedings not inconsistent with this opinion.
Petition for writ of certiorari granted.
FRANK, A.C.J., and THREADGILL and PARKER, JJ., concur.
NOTES
[1] Chapter 801, Florida Statutes was repealed in 1977, and replaced by chapter 917, providing for handling and treatment of mentally disordered sex offenders. See Ch. 77-312 § 31, Laws of Fla. Section 801.161 was not retained in chapter 917, and was not incorporated into chapter 800, relating to lewdness and indecent exposure.
[2] We note that section 794.022(1), Florida Statutes (1987), provides that the testimony of a sexual battery victim need not be corroborated.