[No. 11421–6–II. Division Two. March 17, 1989.]

THE STATE OF WASHINGTON, *Petitioner,* v. BRYAN ATKINSON TOBIAS, *Respondent.*

636

*John W. Ladenburg, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for petitioner.

*Kevin J. Yanasak,* for respondent.

ALEXANDER, C.J.—Bryan A. Tobias was charged in Pierce County Superior Court with the crimes of first degree statutory rape and indecent liberties. Ten–year–old B.C. was the alleged victim of the offenses.

Tobias pleaded not guilty. Before trial, Tobias moved to compel a psychiatric evaluation of B.C. The trial court conducted a hearing on Tobias's motion and, thereafter, entered findings of fact as follows:

I

That [B.C.], ten years of age at the time of the incident, claims that the defendant attempted to place his penis in her mouth and fondled her vagina with his hand.

II

That [B.C.] has no mental health history.

III

That there is no medical evidence to corroborate the victim's allegations.

IV

There are no independent witnesses or other corroborative evidence.

V

That the defendant denies that the incident occurred and that [B.C.] was having a nightmare.

VI

That the defendant has no prior criminal record.

From these findings, the trial court concluded that "since there is no medical corroboration or independent witnesses or other corroboration of the victim's allegations, a compelling reason exists so that the victim must undergo a psychiatric or psychological examination." The State moved

for reconsideration. The motion was denied. The State then petitioned this court for discretionary review. The petition was granted.

The State does not assail the trial court's findings of fact. It asserts, rather, that the trial court erred, in light of these facts, in concluding that there were compelling reasons for a psychiatric evaluation.

■ A trial court has discretion to order a psychiatric examination of the complaining witness in a sex abuse case where a "compelling reason" for such examination is shown. *State v. Demos,* 94 Wn.2d 733, 738, 619 P.2d 968 (1980). Accordingly, a trial court's exercise of such discretion must be predicated upon a threshold finding of a "compelling reason." Whether or not the trial court's findings establish a "compelling reason" is, in our judgment, a question of law and is reviewable as such.

■ The sole finding cited by the trial court in the present case to support its conclusion that there was a compelling reason to order the psychiatric examination is the lack of evidence to corroborate the victim's allegations. In our opinion, a "compelling reason" does not exist, as a matter of law, simply because it is a case of "his word against hers." If we were to affirm the trial court's ruling, we would be approving a general rule that lack of corroboration, alone, provides a sufficient basis for the ordering of a psychiatric examination. We believe that it is neither appropriate nor necessary to compel a complaining witness in such cases to undergo the potential ordeal of a psychiatric examination simply because there is no corroboration of his testimony. To permit a psychiatric examination solely for that reason would be to countenance its use as a discovery device in inappropriate circumstances.

Furthermore, psychiatric testimony would appear to be irrelevant where the complaining witness's credibility is called into question merely because corroboration of her story is lacking. We fail to see how such expert testimony would assist the trier of fact in assessing the witness's credibility under such circumstances. The determination of the

credibility of a witness is historically a matter for the jury, not psychiatrists. *State v. Braxton,* 20 Wn. App. 489, 491, 580 P.2d 1116 (1978). Consequently, a psychiatric examination would appear to be of little or no value. For these reasons, we conclude that, as a matter of law, there is no compelling reason which provides support for the ordering of a psychiatric examination of the complaining witness. In the absence of a compelling reason, we refuse to sanction the use of a psychiatric examination as a "fishing expedition" for gathering of evidence which might be used to impeach the complainant.

Reversed.

PETRICH and WORSWICK, JJ., concur.