566 So.2d 1367 (1990)
STATE of Florida, Petitioner,
v.
Derryel RHONE, Respondent.
No. 90-0667.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for petitioner.
Alan H. Schreiber, Public Defender and Robert F. Diaz, Asst. Public Defender, Fort Lauderdale, for respondent.
PER CURIAM.
This petition for writ of certiorari is filed by the State to review a pretrial order in a criminal case granting a defense motion for expert psychological examination of the victim of a sexual battery. By previous order we denied the petition, and we now explain our reasons.
The respondent in this case is the defendant in the criminal action below. Respondent is charged by information with two counts of sexual battery, two counts of battery, and one count of kidnapping against a woman with whom he has cohabitated off and on for the last few years and with whom he also fathered a child. The events surrounding the criminal incident are somewhat sketchy in this record, but the charges arise from a weekend episode between the victim and defendant. The victim accompanied the defendant apparently voluntarily to his home or his relatives' home and remained there for a twelve to twenty-four hour period. During that period the alleged sexual battery took place. However, the victim apparently did not immediately attempt to escape and in fact remained in the house with defendant and his relatives, even eating breakfast together without making the relatives aware that anything was wrong.
The State seeks to introduce evidence from a Dr. Douglas, a psychological expert in the area of the "Battered Woman Syndrome," to bolster its case regarding the element of lack of consent on the counts of sexual battery, anticipating that from these facts whether or not the victim consented to sex with the defendant is a material issue. It will be the State's contention at trial that, because of a history of an abusive relationship between the victim and the defendant, the victim was incapable of consenting to the sexual intercourse. Dr. *1368 Douglas testified that based upon the history recited to her by the victim and the manner in which the victim expressed herself about the relationship, that the victim exhibited symptoms of the "Battered Spouse Syndrome" which made her unable to refuse, and her fear causes her to behave in ways that appear to show "things are normal" when in fact they are not.
The defense moved for an order requiring the victim to submit to an independent psychological examination contending that if such testimony was offered, an examination was essential to refute the State's case. The trial court expressed strong reservations about the admissibility to Dr. Douglas' testimony, but when the State persisted in its intent to use her as an expert witness, the court granted the motion finding that fundamental fairness required that the defendant be entitled to present a fair defense to the case of the State. Since the State sought to introduce the expert testimony based on a psychological examination, the trial court determined that the defense was entitled to counter it by having an independent examination. The trial court did not simply require the victim to be examined by defendant's doctor. Instead, the order requires both sides to furnish lists of psychologists from which the court will make the selection of the independent examining expert.
We are concerned in this case with a compelled mental examination of a victim such as was the issue in Dinkins v. State, 244 So.2d 148 (Fla. 4th DCA 1971). In Dinkins the defense had moved for a psychiatric examination of a rape victim for the purpose of furnishing a possible basis of impeachment.[1] This court refused to require such an examination with a caveat.
Nonetheless, it strikes us as sound, in the absence of either express statutory authority or court rule permitting such, or in the absence of such strong and compelling evidence of mental or emotional instability of the prosecutrix that denial of a psychiatric examination could amount to a denial of due process of law, that the court should not subject the prosecutrix to such an examination. Thus, while we do not expressly reject the concept of the court possessing inherent power to require such an examination under the most compelling of circumstances where it is necessary to insure a just and orderly disposition of the cause, we would discourage the practice in any but the most extreme instances.
Dinkins at 150 (emphasis supplied). Likewise, in State v. Coe, 521 So.2d 373 (Fla. 2d DCA 1988), the defense moved for a psychiatric examination of a rape victim because of questions about her credibility. The Second District quashed the trial court's order granting the examination, aligning itself with the reasoning in Dinkins that strong and compelling reasons must exist to warrant such an examination. In neither case was the State introducing psychological testimony as part of its case.
More recently, this court has addressed the question of victim examinations in a case of physical examinations of sexual abuse victims. In State v. Drab, 546 So.2d 54 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (Fla. 1989), this court followed Dinkins and held that the defendant must demonstrate extreme and compelling circumstances so that a defendant would be denied his right of due process if a physical examination were not allowed.
The trial court concluded that this case is one where the defendant has met his heavy burden, and we cannot find that he departed from the essential requirements of law. The purpose of the examination in this case is to discover and evaluate evidence of an essential element of the crime itself, namely whether the victim gave her consent. In the hearing below the State maintained that it needed the psychological expert's testimony to prove this element in its case. That being the case, the State has placed at issue the victim's state of mind and will be attempting to show incapacity to consent to the sexual battery through psychological testimony. Thus, it is the State itself which has shown strong evidence of mental incapacity to consent. Since the expert herself came to the opinion that the victim *1369 did not consent based on what the victim told her "and the manner in which she told me," it is clear that such opinion evidence can only be rebutted by having another examiner interview the victim. Thus, this is unlike the cases involving physical examinations where there are objective findings to be observed and reported, from which doctors can draw various conclusions. In the present case there are only subjective observations and conclusions drawn by the psychologist, and without access to the victim, the trial court found that defendant could not prepare a defense to the State's testimony.
We also distinguish this case from State v. LeBlanc, 558 So.2d 507 (Fla. 3d DCA 1990). In that case the Third District quashed an order compelling a psychological examination by defense doctors of three children regarding whether the children had manifested symptoms of sexual abuse. The examination was to counter testimony of another expert which the state intended to call. However, in LeBlanc the expert being used by the State had been appointed as an independent examiner by another trial court as part of a dependency proceeding involving the children. Furthermore, there was other evidence by which to evaluate the children, such as videotaped interviews with the children. In the instant case, Dr. Douglas was not a court-appointed expert, nor were there any videotapes of her interview with the victim which could be used in lieu of a live examination.
In coming to these conclusions, we make no determination of the admissibility of the evidence as that issue is not before us. We merely hold that the trial court did not depart from the essential requirements of law requiring a psychological examination of the victim where the state plans to use psychological evidence gleaned from its own examination of the witness in proving an essential element of the crime with which respondent has been charged and which the trial court finds cannot be adequately rebutted absent an independent examination of the victim. This, we hold, furnishes strong and compelling reasons for the examination.
DELL, STONE and WARNER, JJ., concur.
NOTES
[1] In Dinkins the examination sought was more in the nature of a "fishing expedition."