601 So.2d 1289 (1992)
STATE of Florida, Petitioner,
v.
Guy Storm BREWSTER, Respondent.
No. 92-761.
District Court of Appeal of Florida, Fifth District.
July 2, 1992.
Norman R. Wolfinger, State Atty. and Meryl L. Allawas, Asst. State Atty., Titusville, for petitioner.
Jeffrey D. Deen of Fisher, Laurence & Deen, Altamonte Springs, for respondent.
COBB, Judge.
Defendant Guy Storm Brewster was charged with five counts of lewd and lascivious assault on a child under the age of sixteen and seven counts of engaging in sexual activity with a child of twelve years or older but less than eighteen years, while in a position of familial or custodial authority. The victim was a fifteen year old boy. Pursuant to section 960.003, Florida Statutes (1991)[1] the defendant was ordered to *1290 submit to a blood test for the human immunodeficiency virus infection (HIV). Defendant's test was negative. Thereafter, defendant filed a motion to compel the victim to submit to HIV testing, stating that the test results may provide probative evidence exculpatory in nature. Although no evidence was presented, the trial judge granted the motion and ordered that the test results be disclosed exclusively to the judge to be revealed in camera at the appropriate time.
The state seeks a writ of certiorari to quash the order, arguing it constitutes a departure from the essential requirements of law causing irreparable harm. We grant the petition and quash the trial court's order.
In State v. Smith, 260 So.2d 489 (Fla. 1972) the Florida Supreme Court considered whether an eyewitness could be compelled to submit to a visual acuity test. The court emphasized that:
No right is held more sacred, or is more carefully guarded, by the common law, than the right of an individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. [Cite omitted]. The common law does not authorize a court to require the physical examination of a witness, because discovery in criminal cases was unknown to the common law.
Id. at 491. In addition, the court in State v. Smith found that nothing in the criminal rules of procedure authorized a trial court to grant a motion compelling a witness to submit to a physical examination "of any sort." The court went on to state that even if in rare instances justice may require a physical examination of a witness, more must be shown than the opposing party's dependence on evidence, such as an eye witness's identification.
State v. Smith was decided prior to the 1980 addition of a constitutional amendment independently protecting the right of privacy. Article I, section 23 of the Florida Constitution provides that "Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein." A right of privacy based on the U.S. Constitution has also been recognized and described as "the most comprehensive of rights and the one most valued." See Rasmussen v. South Florida Blood Service, 500 So.2d 533, 535 (Fla. 1987).
In Dinkens v. State, 244 So.2d 148 (Fla. 4th DCA 1971), also decided prior to the addition of the constitutional amendment protecting the right of privacy, the court considered whether a victim of a sexual battery could be compelled to submit to a psychiatric examination. The court stated that "it strikes us as sound, in the absence of either express statutory authority or court rule permitting such, or in the absence of such strong and compelling evidence of mental or emotional instability of the prosecutrix that denial of a psychiatric examination could amount to a denial of due process of law, that the court should not subject the prosecutrix to such an examination." Id. at 150. The court in Dinkens did not reject the concept of a court possessing an inherent power to require an examination "under the most compelling of circumstances where it is necessary to insure a just and orderly disposition of the case," but held that such a practice should be discouraged in the absence of any showing that an examination was essential to prevent a manifest miscarriage of justice. See also State v. LeBlanc, 558 So.2d 507 (Fla. 3d DCA 1990) (court refused to compel psychiatric exam of three child victims, finding there were alternative discovery tools available, the detriment to the children outweighed the speculative benefit and denial did not rise to a due process violation in the absence of strong and compelling evidence of the victims' mental instability); State v. Coe, 521 So.2d 373 (Fla. 2d DCA 1988) (in absence of evidence the victim had experienced psychiatric problems, court refused to compel psychiatric examination of victim). Compare *1291 State v. Rhone, 566 So.2d 1367 (Fla. 4th DCA 1990) (psychiatric exam of victim compelled where state intended to introduce evidence victim suffered from battered woman syndrome, placing victim's state of mind in issue and making examination necessary to rebut the state's expert).
In State v. Farr, 558 So.2d 437 (Fla. 4th DCA 1990) the court refused to compel a second gynecological examination of an eight year old sexual battery victim, noting that there were no extreme or compelling circumstances alleged which would result in a manifest injustice if the second examination was denied. See also State v. Drab, 546 So.2d 54 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (Fla. 1989) (need for second gynecological exam of eight year old victim not demonstrated by extreme and compelling circumstances); State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988) (order estopping state from prosecuting accused child abuser unless victim's parents agreed to second physical exam quashed as clear departure from essential requirements of law).
In 1988, the Florida Legislature passed an act relating to the acquired immune deficiency syndrome (AIDS), establishing programs and requirements relating to the disease which are intended to balance medical necessity, the right to privacy and the protection of the public. § 381.0037, Fla. Stat. (1991). Part of the legislative plan encouraging HIV testing, section 381.004(3)(f), Florida Statutes (1991), protects the confidentiality of the identity of any person on whom an HIV test has been performed, as well as prohibiting disclosure of test results. Section 381.004(3)(f)9.a., specifically provides that no court of Florida shall issue an order allowing access to such information unless the person seeking the test results has demonstrated a compelling need for the results which cannot be accommodated by other means. The statute requires the court to weigh the need for disclosure which may lead to future discrimination, against the privacy interest of the test subject. Although not directly applicable in this case since it deals with disclosure of test results rather than compelling testing, nonetheless the statute is clear evidence of legislative concern for the right of privacy of Florida's citizens when dealing with the HIV infection.
No evidence, scientific or otherwise, was presented by respondent in support of his motion to compel the victim in this case to submit to an HIV test, nor was a compelling need for the information established due to the absence of evidence of the probative value of the test results under the factual circumstances. Even if the victim has the HIV infection, it could have been contracted in the two years since the charged offenses occurred and a positive test result would not mean that respondent could not be guilty. In addition, there is the possibility of a false negative which occurs in 1% of the tests, or a false positive which is a possibility because some standard HIV tests are deliberately made to be overly sensitive.[2] Finally, no evidence was presented that the existence of a lengthy period of sexual abuse guarantees transmission of the disease between abuser and abused.
In the absence of any statutory or rule authority for compelling the victim to submit to any type of test or examination, and the lack of any evidence whatsoever to support a compelling need for such an intrusion, the victim's right to privacy from any governmental intrusion far outweighs the respondent's conclusory claim of need for the information sought. Accordingly, the trial court departed from the essential requirements of law in compelling the victim to submit to a blood test and the trial court's order is quashed.
PETITION GRANTED AND ORDER QUASHED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] Section 960.003 provides that in any case in which a person has been charged with any sexual offense which involves the transmission of body fluids, the victim or his or her legal guardian may request that the accused undergo HIV testing and the court shall order such testing, the results of which shall be disclosed only to the accused and the victim or his or her legal guardian and shall not be admissible in any criminal proceeding.
[2] 1 R. Waters, AIDS and Florida Law § 10.16 (1989).