641 So.2d 109 (1994)
STATE of Florida, Petitioner,
v.
Raul CAMEJO, Respondent.
No. 93-2436.
District Court of Appeal of Florida, Fifth District.
March 25, 1994.
On Motion for Rehearing May 27, 1994.
Norman R. Wolfinger, State Atty., and Stewart G. Stone, Asst. State Atty., Sanford, for petitioner.
Lister Witherspoon, IV, Miami, for respondent.
W. SHARP, Judge.
The state petitions for a writ of certiorari from this court to quash the trial court's interlocutory ruling in a criminal case which ordered the victim of a sexual battery to undergo a psychological evaluation by a named psychiatrist. The order further provides that the report shall be reviewed by the court in camera, revealed only to counsel for the state and defense, kept in confidence, and that the court will later determine whether and how the report will be used in the criminal proceeding and trial. Because the defense failed to demonstrate any compelling or extreme circumstances which might have demonstrated a need for the psychological evaluation of the victim, we think the order compelling the victim's examination constitutes a departure from the essential requirements of the law. Accordingly, we grant the writ.
In this case, the state charged Camejo with one count of sexual battery and one count of battery. It does not intend to use expert psychological testimony regarding the victim's mental or emotional condition in the case below.[1] The defense's motion for a *110 psychological examination does not assert that the victim is or may be incompetent to testify. Rather, the motion seeks the examination primarily for the purpose of determining the veracity of the victim's account of the rape and battery. The motion states this case is essentially a swearing contest between the victim and Camejo, and therefore determining the victim's credibility is crucial.
The state disputes respondent's "swearing contest" characterization of the case. The state argues that there is independent evidence which corroborates the victim's allegations. The doctor who conducted the sexual battery examination was of the opinion that physical injury noted on the outside of the victim's vagina is consistent with forced nonconsensual sexual intercourse. Also, the victim sustained physical injuries to other parts of her body consistent with a violent attack. The state also asserts that the victim reported the crime at the first opportunity to a gas station clerk who observed her in an upset and traumatized state. Finally, the state notes that there was physical damage at the crime scene consistent with a violent attack.
The motion to compel the victim to undergo a psychological examination listed specific acts of the victim's alleged misconduct, unrelated to this case, for the purpose of establishing her emotional or mental instability. One additional act was that the victim twice telephoned Camejo after she was allegedly raped. However, this could be brought out at the trial by cross-examination or by testimony for Camejo for traditional impeachment purposes.
The allegations which the defense argued demonstrate the victim's mental instability were: 1) the victim was arrested for domestic violence after beating her mother; 2) a former boyfriend stated the victim had formed a fantasy future with him; 3) the victim had a previous domestic dispute with another live-in boy friend resulting in her being beaten; 4) statements from a former boyfriend that the victim was loud and wild when drinking; and 5) that the victim hit her ex-boyfriend's car with a shovel or stick, and on another occasion put a shovel through the windshield of a car belonging to a woman who dated the victim's ex-boyfriend.
Initially it should be noted that there is a difference between (a) a judge's authority to order a psychological examination, and (b) a judge's power to compel the victim to submit to the examination. The majority rule is that a court has the discretionary power to order a psychological examination under certain circumstances. See Anno., Necessity or Permissibility of Mental Examination to Determine Competency or Credibility of Complainant in Sexual Offense Prosecution, 45 A.L.R.4th 310, 315 (1986). Florida follows the majority rule. See State v. Coe, 521 So.2d 373 (Fla. 2d DCA 1988); Dinkins v. State, 244 So.2d 148 (Fla. 4th DCA 1971). The minority rule is that the trial judge does not have the authority to order such an examination. However, even in those jurisdictions which permit a trial judge to order a psychological examination, virtually all agree that a judge lacks the power to actually compel the victim to submit to such an examination. Dinkins at 150; 45 A.L.R.4th at 315. In Wilk v. State, 217 So.2d 610 (Fla. 3d DCA 1969), it was implied that such an examination is not constitutionally required.[2] Later, in Dinkins, the court noted that under some circumstances, such an examination might be constitutionally compelled based on due process requirements.
For adult victims, such examinations have been ordered where the victim was incompetent, incredible, or uncorroborated.[3] 45 A.L.R.4th at 355. For example, in State v. Kahinu, 53 Haw. 536, 498 P.2d 635 (1972), cert. denied, 409 U.S. 1126, 93 S.Ct. 944, 35 *111 L.Ed.2d 258 (1973), the court found that the lower court must order such an examination if the victim's testimony is uncorroborated. This amounts to an attack on the victim/witness' credibility. It was held to be a compelling reason because, as the court stated, the accused could fall victim to the "groundless fantasies or vindictiveness of a pathological female." But it should be noted that the cases which cite a lack of corroboration as a basis to order a psychological examination, appear to have been determined prior to the adoption of the rape-shield statutes. That is, these cases seem to have arisen in a time when victims were afforded little protection from attack on themselves during the prosecution of the offender. As one court stated in rejecting the court's inherent power to compel a victim witness to undergo a psychiatric examination:
The notion that psychiatric examinations should be routinely ordered in rape cases, ... is based on outmoded notions of the instability and duplicity of women in general and, as such, should be discarded altogether. Citing State v. Romero, 94 N.M. 22, 606 P.2d 1116, 1121 (1980).
United States v. Owen, 24 M.J. 390 (C.M.A. 1987), cert. denied, 484 U.S. 1026, 108 S.Ct. 750, 98 L.Ed.2d 763 (1988).
In State v. Gabrielson, 464 N.W.2d 434 (Iowa 1990), the court held that trial courts have no authority to order sexual abuse victims to undergo psychiatric examinations. The reasons cited by the court are persuasive. First, the court found no statutory authority or common law precedent granting a trial court such authority. Second, even if courts had the authority to order psychiatric examinations, they would be left in the awkward position of having no method of enforcing such an order because neither the trial court nor the state has the power to compel a sexual-abuse victim who is a nonparty to the case to submit to a psychiatric examination ordered by the court. Third, the interest of justice compels the conclusion that psychiatric examinations of victims designed to evaluate the complainant's credibility are improper. The court also cited the hardships victims of sexual abuse must endure, and that rape-shield statutes have been formulated to prevent these victims from suffering additional trauma. It noted that trial courts vested with authority to order sexual abuse victims to submit to such examinations will not be forwarding society's need to protect these victims. The court opined:
Forcing the victims of these crimes to submit to the indignity and embarrassment of a psychiatric examination could only exacerbate the current situation.
Gabrielson at 438. The court noted it did not wish to discourage reporting of these types of crimes and had an obligation to protect the victim from being put on trial. Id. Lastly, the court noted that it agreed with the position taken by the North Carolina Supreme Court that the possible benefits to an innocent defendant were outweighed by the resulting invasion of the victim's right to privacy and the danger to the public interest from discouraging victims of crimes to report such offenses.[4]
In State v. Maday, 179 Wis.2d 346, 507 N.W.2d 365 (Ct.App. 1993), the court held that because fundamental fairness dictated that a defendant be able to obtain access to all relevant evidence necessary in his or her case, a trial court had the discretion to grant a motion for psychological examination of a victim. However, before the court could grant such a request, the defendant must present evidence of a compelling need or reason for the examination, and the trial court was required to balance the rights of the defendant against the interests of the victim. There, however, the state announced its intention to present the testimony of experts on the victim's mental condition and behavior as supporting an inference that the victim had been sexually abused.
The Wisconsin court concluded that guidelines developed by the West Virginia Supreme Court presented a workable method of balancing the defendant's constitutional *112 rights and the privacy needs of the victim. In citing State v. Delaney, 187 W. Va. 212, 417 S.E.2d 903 (1992), the Maday court noted a balancing test which gave appropriate attention to the respective competing interests. Where the state manifests its intent to present expert testimony based on personal examination of a victim of a sexual assault, that the victim's behavior is consistent with the behaviors of other victims of sexual assault, the defendant may request a psychological examination of the victim. The defendant making this request must present the court with evidence that he has a compelling need or reason for the examination. The court should consider:
(1) The nature of the examination requested and the intrusiveness inherent in that examination;
(2) The victim's age;
(3) The resulting physical and/or emotional effects of the examination on the victim;
(4) The probative value of the examination to the issue before the court;
(5) The remoteness in time of the examination to the alleged criminal act; and
(6) The evidence already available for the defendant's use.
Maday 507 N.W.2d at 372. In addition to the above, the Wisconsin court added a seventh consideration: that the trial court consider, based on the testimony of the defendant's experts, whether or not a personal interview with the victim was essential before the expert could form an opinion. Id.
Nevertheless, the Maday court found that even where the court determined that the defendant is entitled to a pretrial psychological examination of the victim, and issues an order therewith, the trial court does not have the authority to force the victim to undergo such an examination. The court noted that nothing in the opinion required a victim to consent to the examination and that the victim was free to refuse for whatever reason. But if a victim refused to submit to a psychological examination as ordered, and a compelling need for it was shown, the state would be barred from introducing evidence of the behavior of the victim through its examining expert.
The facts of this case are on point with Coe. There, the court was faced with the issue of whether a trial court has the inherent power to require victims of a sexual battery to undergo psychiatric or psychological examinations to determine their credibility and if so, whether the facts presented in that case supported ordering such an examination. The Coe court agreed with Dinkins that trial courts do possess this authority. But it noted such powers should not be exercised unless strong and compelling reasons exist. Based on the facts in Coe, the court granted certiorari and quashed the order granting the examination. There (as here), a trial judge had ordered the victim to undergo a psychiatric examination based on allegations that the victim did not appreciate the duty to tell the truth, she might have suffered psychological problems affecting her credibility, and she might have suffered from alcoholism.[5] The Coe court found that these reasons were insufficient to justify an examination. Similarly in Hawkins v. State, 326 So.2d 229 (Fla. 2d DCA), cert. denied, 336 So.2d 108 (Fla. 1976), the fact that the victim did not always tell the truth and had paranoid tendencies was found not to be compelling evidence for ordering a psychological examination.
State v. Rhone, 566 So.2d 1367 (Fla. 4th DCA 1990), cited by respondent, is distinguishable from Coe and the facts in this case because there, the state planned to use psychological evidence to prove that the victim lacked the capacity to consent to sexual intercourse because of the battered-woman syndrome. Capacity and credibility are distinguishable. Capacity is required before a witness may testify. Credibility is an issue for the fact-finder to determine.
In State v. LeBlanc, 558 So.2d 507 (Fla. 3d DCA 1990), the third district quashed a trial court's order requiring child victims of sexual abuse to submit to psychological testing. Like the fourth district in Dinkins, the third district recognized a victim's privacy rights were involved, as well as a defendant's discovery *113 and confrontation rights. In balancing these competing interests, the third district stated that there must be compelling evidence to question a victim's veracity before requiring an involuntary examination, and the defendant must make a serious showing that due to mental or emotional incapacity, the victim's allegations may be spurious. See also Coe.
One out-of-state case holds that credibility or veracity of the victim is not a sufficient reason to entitle a defendant to have a victim psychologically examined. In Gale v. State, 792 P.2d 570 (Wyo. 1990), the court noted that it was error to permit an expert witness to comment on the credibility or veracity of a victim. It also noted that there was other substantial information and evidence available to the defendant to attack the credibility of the victim. In noting that credibility was the sole province of the jury, the court stated:
We will not allow expert witness comment or testimony on the direct affect which an alleged emotional disturbance might have on a complainant witness' ability to tell the truth at trial.
Gale at 576. See also Lessard v. State, 719 P.2d 227, 233 (Wyo. 1986). To permit expert testimony on the credibility of victims of sexual abuse, without strict and severely limited safeguards, would open the door to experts determining what testimony was credible in virtually all criminal prosecutions.
In addition, such an examination must be likely to produce material, as opposed to speculative evidence. People v. Woertman, 786 P.2d 443 (Colo.Ct.App. 1989), reversed on other grounds, 804 P.2d 188 (Colo. 1988). Lack of evidence to corroborate a victim's allegations has been held not to be a compelling reason. State v. Tobias, 53 Wash. App. 635, 769 P.2d 868 (1989). Psychiatric testimony is irrelevant when the victim's credibility is called into question. Tobias, 769 P.2d at 869. In Hawkins, the second district held that a sexual battery victim may not be ordered to undergo a psychological examination to determine credibility unless there are strong and compelling reasons for such examination.
In summary, Florida law accords with the majority rule in other jurisdictions that trial courts have the inherent power to order psychological examinations. These examinations have been historically ordered in other jurisdictions, where one of three situations exists: (a) uncorroborated, testimony of victim; (b) competency of victim is in question; and (c) the victim's credibility is at issue. Section 794.022 specifically provides that testimony of a sexual abuse victim need not be corroborated; therefore, this would be an invalid reason to order such an examination in Florida. Of course the mental competency of a victim/witness would always be a valid reason to order such an examination in a criminal prosecution. See generally, Goldstein v. State, 447 So.2d 903 (Fla. 4th DCA 1984). And lastly, credibility may be a reason to order such an examination, but only if there is strong and compelling evidence. Coe; Dinkins.
In summary, we conclude that Camejo failed to demonstrate any compelling or extreme circumstances which could establish the need for a psychological evaluation of the victim. None of the bad characteristics and acts detailed in the motion provide strong evidence of the victim's psychological propensity to lie. Further, the defense has various alternative means to attack the victim's veracity without resorting to introduction of testimony of an expert based on a psychological examination of the victim. Using the balancing test and considerations set forth in Maday and Delaney, the victim's interests and rights in this case far outweigh those of Camejo, who will be little prejudiced by denying the examination.
We grant the petition for writ of certiorari and quash the ordered examination.
Petition for Writ of Certiorari GRANTED; Order QUASHED.
GOSHORN, J., concurs.
DAUKSCH, J., concurs in conclusion only.

ON MOTION FOR REHEARING
PER CURIAM.
Petitioner requests a rehearing and asks that we certify the decided question. We *114 stand by our decision but certify to our supreme court as a question of great public importance the following:
WHAT STANDARDS SHOULD THE TRIAL COURT FOLLOW IN ORDERING AND COMPELLING WITNESSES TO UNDERGO PRETRIAL MEDICAL AND PSYCHIATRIC EXAMINATIONS; AND, WHAT STANDARD OF REVIEW SHOULD THE APPELLATE COURT APPLY IN SUCH CASES?
DAUKSCH and GOSHORN, JJ., concur.
W. SHARP, J., dissents, with opinion.
W., SHARP, Judge, dissenting.
I respectfully dissent. My dissent is based on the fact that the question posed is so broad its complete answer would require Wigmore to add an additional volume to his treatise Evidence. We should not be asking the Florida Supreme Court about medical malpractice cases or personal injury cases where the physical condition or mental competency of the witness-plaintiff is clearly at issue, as the proposed question does. The posed question should be limited to the unique characteristics of this case only. First, it involves a complaining witness (alleged victim) in a sexual battery case. And, second, her credibility or veracity is under attack by the defense  not her mental competence.
Camejo's proposed certified question in this case is preferable to the one put forward here:
WHETHER A TRIAL COURT MAY IN ITS DISCRETION, UPON SWORN FACT, ESTABLISHING A COMPELLING FACTUAL BASIS, ORDER THAT A PSYCHIATRIC EXAMINATION BE CONDUCTED TO DETERMINE THE CREDIBILITY OF A COMPLAINING WITNESS, IN A SEXUAL BATTERY CASE. (emphasis supplied)
Or we could fashion a more limited question of our own drafting, which the supreme court is more likely to answer:
WHAT STANDARDS SHOULD THE TRIAL COURT FOLLOW IN ORDERING AND COMPELLING A COMPLAINING WITNESS IN A SEXUAL BATTERY CASE TO UNDERGO A PRETRIAL PSYCHIATRIC EXAMINATION TO DETERMINE HIS OR HER CREDIBILITY? AND WHAT STANDARD OF REVIEW SHOULD THE APPELLATE COURT APPLY IN SUCH A CASE?
NOTES
[1] As a collateral point, the state notes that the victim was not given notice of the hearing on respondent's motion to compel psychological evaluation. The state and respondent were represented at the hearing, but the victim did not have an opportunity to be heard. See State v. Farr, 558 So.2d 437 (Fla. 4th DCA 1990) (Warner, J., concurring specially) (questioning whether the state can assert the privacy right of a victim).
[2] Failure to have psychiatric examination of a witness does not violate the confrontation clause, which is not a constitutionally compelled rule of pretrial discovery. U.S. v. Gates, 10 F.3d 765 (11th Cir.1993).
[3] However, section 794.022(1) specifically provides that testimony of a victim need not be corroborated in a prosecution under § 794.011 (the sexual battery statute).
[4] Similarly, in U.S. v. Gates, 10 F.3d 765 (11th Cir.1993), the court observed:

There are inherent problems in allowing psychiatric examination of a witness, such as invasion of privacy, limiting availability of witnesses, chilling testimony, and battles of experts over competency.
[5] Alcoholism is not alleged in this case.