660 So.2d 242 (1995)
Raul CAMEJO, Petitioner,
v.
STATE of Florida, Respondent.
No. 83909.
Supreme Court of Florida.
May 25, 1995.
Rehearing Denied September 11, 1995.
Lister Witherspoon IV of the Law Offices of Lister Witherspoon IV, Miami, for petitioner.
*243 Robert A. Butterworth, Atty. Gen. and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
Louis M. Jepeway, Jr. of Jepeway and Jepeway, P.A., Miami, amicus curiae for National Ass'n of Criminal Defense Lawyers.
PER CURIAM.
We have for review State v. Camejo, 641 So.2d 109 (Fla. 5th DCA 1994), in which the district court of appeal certified the following as a question of great public importance:
WHAT STANDARDS SHOULD THE TRIAL COURT FOLLOW IN ORDERING AND COMPELLING WITNESSES TO UNDERGO PRETRIAL MEDICAL AND PSYCHIATRIC EXAMINATIONS; AND, WHAT STANDARD OF REVIEW SHOULD THE APPELLATE COURT APPLY IN SUCH CASES?
Id. at 114. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
The petitioner, Raul Camejo, was charged with one count of sexual battery and one count of battery against his live-in girlfriend. Camejo filed a motion to compel the alleged victim to undergo a psychological examination. The motion alleged that Camejo's counsel had uncovered facts pointing toward the mental and emotional instability of the alleged victim.[1] At the hearing on the motion, the trial court granted the motion and ordered the victim to submit to a psychological examination to be conducted by a court-appointed psychiatrist. The psychiatrist's evaluation report was to be sent to the court and then disclosed only to counsel for the state and the defense. An in-camera hearing was to be held later to determine the use, if any, of the evaluation in any further proceedings.
The Fifth District Court of Appeal granted the State's petition for writ of certiorari and quashed the ordered examination. In its opinion, the court first discussed pertinent cases on the subject from both within and without the State of Florida. The court then stated:
In summary, Florida law accords with the majority rule in other jurisdictions that trial courts have the inherent power to order psychological examinations. These examinations have been historically ordered in other jurisdictions, where one of three situations exists: (a) uncorroborated, testimony of victim; (b) competency of victim is in question; and (c) the victim's credibility is at issue. Section 794.022 specifically provides that testimony of a sexual abuse victim need not be corroborated; therefore, this would be an invalid reason to order such an examination in Florida. Of course the mental competency of a victim/witness would always be a valid reason to order such an examination in a criminal prosecution. See generally, Goldstein v. State, 447 So.2d 903 (Fla. 4th DCA 1984). And lastly, credibility may be a reason to order such an examination, but only if there is strong and compelling evidence. [State v.] Coe [521 So.2d 373 (Fla. 2d DCA 1988)]; Dinkins [v. State] [244 So.2d 148 (Fla. 4th DCa 1971)].
Camejo, 641 So.2d at 113. Applying these principles to the case at hand, the court concluded that Camejo had failed to demonstrate any compelling or extreme circumstances which could establish the need for a psychological evaluation of the victim.
Clearly, Camejo's motion fell short of demonstrating that an examination was necessary to determine the competency of the victim to testify. Moreover, we agree with the court below that Camejo failed to present sufficiently compelling evidence to justify ordering the examination for the purpose of helping him attack her veracity and credibility. Upon careful consideration, we approve and adopt as our own the well-reasoned opinion of the court below. We have concluded *244 not to answer the certified question because it is worded more broadly than the scope of the opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Camejo's motion included excerpts of deposition testimony from various witnesses allegedly indicating the mental and emotional instability of the victim. This testimony included allegations that the victim: (1) had been arrested for beating and biting her mother; (2) had herself been the victim of domestic violence at the hands of a former live-in boyfriend; (3) had formed a fantasy future with another former boyfriend and had followed him to Indiana after he broke up with her; (4) had put a shovel through the windshield of another former boyfriend's car; (5) had attempted suicide in the past; and (6) had a tendency to become loud and crazy when drinking.