WHATLEY, Judge.
The appellant, David Richard Jenkins, challenges his convictions for four counts of capital sexual battery. We find merit only in his contention that the trial court erred in denying his motion to require the victim to submit to an independent psychological evaluation, and we therefore reverse.
Psychological examinations may be ordered where the victim’s credibility is at issue. Camejo v. State, 660 So.2d 242 (Fla. 1995). Before ordering an independent psychological evaluation of a victim where the victim’s credibility is at issue, the trial court must determine whether there is strong and compelling evidence supporting the need for the evaluation. Camejo, 660 So.2d at 243. To require a victim to submit to a psychological evaluation is a significant invasion of the victim’s privacy and should be ordered only in extreme circumstances. State v. LeBlanc, 558 So.2d 507 (Fla. 3d DCA 1990). We conclude that the unique and specific facts of this case support the need for a psychological evaluation.
Jenkins was convicted after a second jury trial. The first trial ended in a mistrial after the jury was unable to reach a verdict.[1] At Jenkins’ first trial, Dr. Ralph C. Under-wager, a psychologist, was qualified as an expert witness in the field of child psychology and in the speciality of child sexual abuse. Dr. Underwager opined that the victim’s testimony was consistent with research on false allegations.[2]
Further, the psychological exam was especially important in light of that fact that the victim admitted to lying to protect her mother and to stay out of trouble. The victim is Jenkins’ ten-year-old adopted daughter. Jenkins and the victim’s mother were involved in divorce proceedings at the time the charges were brought. In addition, the medical testimony seemed to contradict the victim’s allegations.
Accordingly, we reverse the judgment and sentence and remand for a new trial consistent with this opinion.
FRANK, A.C.J., and PATTERSON, J., concur.

. During juiy deliberations, the jury submitted a question regarding why Jenkins had not conducted an independent psychological evaluation of the victim.

. For reasons not reflected in the record, Dr. Underwager did not testify at the second trial.