722 So.2d 237 (1998)
David E. ISOM, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-3084.
District Court of Appeal of Florida, Fifth District.
November 30, 1998.
*238 James Russo, Public Defender, and Phyllis P. Riewe, Assistant Public Defender, Viera, for Petitioner.
No Appearance for Respondent.
DAUKSCH, J.
David Isom, who is charged with various sexual offenses, seeks certiorari review of the trial court's order requiring him to submit to HIV testing pursuant to section 960.003, Florida Statutes (1997). We summarily deny his petition.
Isom was charged with various sexual offenses in a nine-count information. Two of the counts alleged sexual activity with a minor by a person in custodial authority, a violation of section 794.011(8)(b). He is also charged with four counts of committing a lewd, lascivious or indecent act upon a child. In one of those counts, he allegedly forced or enticed the victim to masturbate him, in violation of section 800.04(2).
The state then filed its motion for defendant to submit to HIV testing, pursuant to section 960.003. Consistent with the requirements of section 960.003(2), the state in its motion alleged that Isom has been charged with sexual offenses involving the transmission of body fluids and that the victim or the victim's parent or legal guardian has requested that he be required to submit to HIV testing. After a hearing, the trial court granted the state's motion and issued a written order, which provides as follows:
THIS CAUSE having come before the Court on the State's Motions for Defendant to Submit to HIV Testing, and the defendant having been charged by Information with a requisite sexual offense, the Court finds that said testing is authorized by Section 960.003, Florida Statutes, and it is accordingly ORDERED AND ADJUDGED that the defendant shall submit to serologic and/or other testing to determine the presence of HIV infection, said testing to be performed under the direction of the Department of Health and Rehabilitative Services, in accordance with Section 381.609, Florida Statutes; and it is further
ORDERED AND ADJUDGED that the results of said testing are to be disclosed to the defendant, and to the Department of Health and Rehabilitative Services, which shall have the responsibility of disclosing the results to the victim or the victim's legal guardian in each case. No person to whom the results of this test has been disclosed may disclose the test results to another person not authorized to receive such results.
Isom now seeks certiorari review of the trial court's order. In his petition he advances three main arguments.
First, Isom argues that his offenses allegedly occurred more than eighteen months before the HIV testing was sought. He points out that the purpose of section 960.003 is to allow for early treatment of a possible HIV infection. He reasons that under the instant circumstances, the alleged offenses occurred "so long ago that the victim can have her own blood tested if she has concerns." We conclude that Isom's argument is meritless. We do not agree that his offenses occurred "so long ago" as he urges. In any event, nothing in section 960.003(2) imposes the sort of time limit that Isom seeks.
Second, Isom argues that the trial court's order runs counter to this court's opinion in State v. Brewster, 601 So.2d 1289 (Fla. 5th DCA 1992). However, Brewster is distinguishable, as it involved an attempt by the defendant to have the victim's blood tested and based its holding on the fact that there was no statutory or rule authority for compelling the victim to submit to HIV testing. In the instant case, of course, such statutory authority does exist, as section 960.003 is explicitly concerned with the victim's right to have the defendant tested for HIV. Isom *239 overlooks the clear legislative intent as expressed in section 960.003(1): "The Legislature finds that a victim of a criminal offense which involves the transmission of body fluids is entitled to know at the earliest possible opportunity whether the person charged with or alleged by petition for delinquency to have committed the offense has tested positive for human immunodeficiency virus (HIV) infection." For petitioner to use this case as authority for his specious argument demonstrates either an inability to understand the case or a wilful attempt to mislead the court.
Third, Isom argues there was no medical or other testimony demonstrating a compelling reason why the victim could not protect her health by having her own blood tested or that a positive result on him would result in useful information to her regarding the date she accused him of having sexual contact with her. He complains that on the other hand he would suffer great discrimination due to the fact he is incarcerated, as it is "impossible to keep many things secret in the jail." Isom's arguments are meritless. Nothing in section 960.003(2) requires the sort of findings that he urges. As for his concern of discrimination, that is purely speculative at this juncture.
We conclude that the trial court's order in the instant case fully complies with the dictates of section 960.003. Accordingly, there is no departure from the essential requirements of law. Thus, we summarily deny his petition. By way of this opinion, we also deny his motion for a stay.
CERTIORARI DENIED.
COBB and THOMPSON, JJ., concur.